# Howard D. Adams, Appellant, v. James L. Leeds Company and James L. Leeds.

*Judgment—Opening judgment—Striking off judgment—Lien.*

The opening of a judgment which is a lien on real estate does not destroy or impair the lien, nor does it necessarily affect the lien of a levy made upon personalty under an execution issued on the judgment. The liens in either case may and should be continued pending the determination of the issues relating to the validity of the judgment and to the nature and amount of the indebtedness represented by it. But when a judgment is stricken off, and an execution issued upon it is set aside, the lien of the judgment and the lien of the levy are without support.

*Judgment—Partnership—Confession of judgment—Opening judgment— Setting aside execution.*

A partner signed a judgment note with the firm name and his own name for a debt contracted by him before he entered the partnership. The judgment was entered up and execution issued. The other partner took a rule

to open the judgment, averring that the firm had never assumed the debt for which the judgment was confessed, and that his partner, under the partnership articles, had no right to confess judgment for the firm. The evidence on these two subjects was conflicting. The court opened the judgment and set aside the execution. *Held,* that the court committed no error in opening the judgment, but it should not have deprived the plaintiff of his security by setting aside the execution, and the attachments.

Argued April 4, 1898. Appeal, No. 472, Jan. T., 1897, by plaintiff, from order of C. P. No. 3, Phila. Co., Sept. T., 1897, No. 549, making absolute a rule to open judgment Before STERRETT, C. J., GREEN, McCOLLUM, MITCHELL and DEAN, JJ. Order modified.

Rule to open judgment.
The facts appear by the opinion of the Supreme Court.

*Error assigned* was the order of the court.

*Chapman,* of *Chapman & Chapman,* for appellant.—On a rule to open a judgment every presumption of law is in favor of the legality of the judgment : Herr v. Miller, 12 Lanc. L. R. 239; Humphrey v. Tozier, 154 Pa. 412; Knarr v. Elgren, 19 W. N. C. 531.

A judgment confessed by one partner for a firm debt is binding on the firm assets and the individual assets of the partner confessing it, and the firm property can be sold under such a judgment : Boyd v. Thompson, 153 Pa. 78 ; Franklin v. Morris, 154 Pa. 152; Barnett's App., 2 Walker S. C. Cases, 355 Moir v. Emerick, 3 Montgomery, 159 ; Seitz v. Keim, 1 Northampton, 397.

Adams was not bound by the partnership articles. He expressly denied knowledge of any such agreement, nor is it pretended by either of the defendants that he had such knowledge : Edwards v. Tracy, 62 Pa. 380 ; Smelting Co. v. Laverty, 159 Pa. 288 ; Rice v. Jackson, 171 Pa. 89 ; Furniture Co. v. McClintock, 162 Pa. 144.

*Arthur M. Burton,* for appellees.—A firm cannot be charged with a debt contracted by one of the partners before the partnership was constituted, although the subject-matter which was

the consideration of the debt has been carried into the partnership as stock: Brooke v. Evans, 5 Watts, 196; Donnally v. Ryan, 41 Pa. 306; McNaughton's App., 101 Pa. 550; McKinney & Heller v. Brights, 16 Pa. 399; North Pa. Coal Co.'s App., 45 Pa. 181; Rowland v. Slate & Moyer, 58 Pa. 199; James v. Vanzand, 163 Pa. 171; Sloan v. Moore, 37 Pa. 217.

OPINION BY MR. JUSTICE McCOLLUM, January 16, 1899:

Adams, on November 14, 1896, loaned to Leeds $8,000 and received his note for it, payable one day after date, together with a bill of sale and possession of certain machinery, tools and fixtures then in the mill at the corner of Tenth and Norris streets, Philadelphia, as collateral security for the repayment of the loan. On the same day he leased the machinery, tools, etc., to Leeds, reserving a monthly rental for the use thereof, and Leeds resumed possession of the same. On March 18, 1897, Leeds entered into a partnership with Henry C. Elliott, "and thereafter they traded under the firm name and title of James L. Leeds Co." On October 26, 1897, Adams canceled the bill of sale, the lease and the note of November 14, 1896, and Leeds executed and delivered to him a judgment note for $8,000, payable one day after date, and signed "James L. Leeds Co." and "James L. Leeds." "The note was filed November 3, 1897, and on that day an assessment of damages was made and an execution and attachment sur judgment were issued. The property of the defendant company was levied upon under the execution and the garnishees named in the attachment were served." On the affidavit of Henry C. Elliott, filed November 15, 1897, a rule was granted to show cause why the judgment should not be stricken off or opened as to the James L. Leeds Company, and the execution set aside as to the property belonging to it. The court, upon consideration of the affidavit, the answer thereto and the depositions read on the hearing of the rule, opened the judgment and set aside the execution as to the firm property without giving any reason for its action.

Adams claimed that the partnership assumed the Leed's debt to him and that on the hearing of the rule to show cause he introduced evidence tending to support the claim. He also claimed that if the partnership agreement prohibited Leeds from confessing or authorizing the entry of a judgment for a

firm debt without the written consent of his copartner the judgment note of October 26, 1897, was not affected by it because he was without knowledge of such prohibition when he received the note.  He did not, however, concede the existence of a provision in the partnership agreement which prevented either partner from confessing a judgment for a firm debt without the written consent of his copartner.   Neither of the claims made by Adams is admitted by the copartner, who, through his counsel, contends that the evidence is insufficient to establish an assumption by the partnership of the Leeds's debt, and that Adams can take nothing by his alleged ignorance of the alleged prohibition contained in the partnership agreement.

The opening of a judgment which is a lien on real estate does not destroy or impair the lien, nor does it necessarily affect the lien of a levy made upon personalty under an execution issued on the judgment.   The liens in either case may and should be continued  pending the determination of the issues relating to the validity of the judgment, and to the nature and amount of the indebtedness represented by it.   But when a judgment is stricken off and an execution issued upon it is set aside, the lien of the judgment and the lien of the levy are without support.

We do not think that the court erred in opening the judgment in this case.   There are questions of fact and of law involved in determining whether it is a valid judgment, and the opening of it affords to the parties in interest an opportunity of presenting their respective claims.   But we think that the court erred in setting aside the execution and the attachments and thus depriving the plaintiff in the judgment of the security afforded him by the liens of the levies upon personalty.   He is fairly entitled to this security pending the proceedings upon the opened judgment unless other security equivalent to it and approved by the court is substituted for it.   We therefore now modify the judgment entered in the court below by reinstating the execution and attachments together with the liens created by the levies.

The judgment as modified is affirmed.