# J. Gibson McIlvain & Co., Appellants, *v.* James L. Leeds Co. and James L. Leeds.

*Judgment—Opening judgment—Partnership—Execution—Setting aside execution and attachments in execution.*

The articles of copartnership between A and B provided that " neither copartner shall without the written consent of the other enter into any . . . . judgment . . . . affecting said firm." A gave plaintiffs a judgment note of the firm, in violation of the agreement, in part for his individual · debt and in part for partnership debts which were not yet due. Judgment was entered on the note. Execution was issued and levied on

the firm property. The debtors of the firm were made garnishees in the attachments in execution. B obtained a rule to show cause why the judgment should not be opened and the execution set aside. It could be fairly inferred from the testimony taken on this rule that plaintiffs knew the provisions of the articles of copartnership before they accepted the judgment note. Plaintiffs made no answer to the affidavit on which the rule was obtained and offered no testimony to contradict it or the testimony introduced to support it. The court opened the judgment and set aside the execution and the attachments. *Held*, (1) that the judgment was properly opened; (2) that the executions and attachments must be reinstated and the liens preserved.

Argued April 4, 1898. Appeal, No. 1, Jan. T., 1898, by plaintiffs, from order of C. P. No. 3, Phila. Co., Sept. T., 1897, No. 586, making absolute a rule to open judgment and set aside execution. Before STERRETT, C. J., GREEN, McCOLLUM, MITCHELL and DEAN, JJ. Judgment affirmed with modification.

Rule to open judgment. Before McMICHAEL, J.
The facts appear by the opinion of the Supreme Court.

*Error assigned* was the order of the court.

*Edwin Saunders Dixon*, for appellants.—One partner may confess a valid judgment against a firm of which he is a member to protect an accommodation indorser for the firm, although the indorsed paper had not matured at the date when the judgment was confessed: Edwards v. Tracy, 62 Pa. 380; Seitz v. Keim, 1 Northampton, 397; Boyd v. Thompson & Coxe, 153 Pa. 78; Grier v. Hood, 25 Pa. 430; Ross v. Howell, 84 Pa. 129; McCleery v. Thompson, 130 Pa. 443; McNaughton's App., 101 Pa. 550; Franklin v. Morris, 154 Pa. 156.

*Arthur M. Burton*, for appellee.—A judgment confessed by one partner in the firm name, even for a partnership debt, is void against the nonassenting partners, and will be struck off by the court on motion: McCleery v. Thompson, 130 Pa. 443; Sloan v. Moore, 37 Pa. 217; Fox v. Curtis, 176 Pa. 52.

OPINION BY MR. JUSTICE McCOLLUM, February 6, 1899:
A copartnership was entered into between James L. Leeds

and Henry C. Elliott, to commence on the 1st of March, 1897, and continue for the full term of ten years from that date unless sooner dissolved by mutual agreement or the death of one of the copartners.   The articles of copartnership contained the following provision : " Neither copartner shall without the written consent of the other enter into any deed, covenant, judgment, bond, obligation or promissory note, affecting said firm, or become bound as bail, surety or guarantor, or give or endorse any note for his individual account or for the benefit of any third person without the consent and approval of the other copartner."   On November 3, 1897, Leeds, without the knowledge or consent of Elliott, confessed, in the firm name, a judgment to McIlvain & Company for $8,193.   The judgment included individual indebtedness of Leeds contracted before the creation of the partnership, and indebtedness arising from transactions of the firm.   On November 4, an execution was issued on the judgment and levied on all the property of the firm, and at the same time attachments in execution were issued on it and duly served on the debtors of the firm as garnishees.   On November 15, 1897, Elliott applied to the court for a rule to show cause why the judgment should not be stricken off or opened, and the execution set aside as to the firm and its property.   On the hearing of the rule and consideration of the testimony taken to support it the court opened the judgment and set aside the execution and attachments.   It may be stated in this connection that McIlvain & Company made no answer to the affidavit on which the rule to show cause was obtained, and offered no evidence to contradict it or the testimony introduced to support it.   To this we may add that the promissory notes given by the Leeds Company on account of its indebtedness to McIlvain & Company, were not due when they were canceled and the judgment was substituted for them.   Besides it may be fairly inferred from the testimony that McIlvain & Company knew of the restrictions in the partnership articles before they accepted the judgment in place of the promissory notes.

In view of the affidavit and the testimony we are not prepared to say that it was error to open the judgment.   But we think the court erred in setting aside the execution and attachments.   The liens created by the levies made on the writs should have been preserved pending the proceedings to determine the

issues involved in the opened judgment.  We therefore reinstate the execution and attachments together with the liens created by the levies and to this extent we modify the judgment entered by the court below.

The judgment as modified is affirmed.