# Van Cott, Appellant, *v.* Webb-Miller.

*Judgment—Opening judgment—Affidavit of defense—Husband and wife—*
*Partnership—Execution—Lien.*

In an action of assumpsit against a married woman and her husband alleged to be trading in the name of the wife, an affidavit of defense by the wife based on grounds tending to negative liability by any one, and alleging that her husband was her business manager, is good for both husband and wife.

In such a case if the husband employs counsel and instructs him to file an affidavit of defense, and the latter fails to do so, and judgment is entered against the husband for want of an affidavit, and subsequently the husband appeals to the court to open the judgment, alleging that he was not a partner of his wife and was a stranger to the transaction with the plaintiff, the judgment should be opened ; but if execution has issued the execution and lien should remain until the final disposition of the case.

Argued March 10, 1904.    Appeal, No. 11, Feb. T., 1904, by plaintiff, from order of C. P. Lycoming Co., March T., 1903, No. 49, making absolute rule to open judgment and set aside fi. fa. in case of Richard Van Cott & Company v. Mrs. J. M. Webb-Miller and Norman Miller, her Husband, trading as Mrs. J. M. Miller.    Before RICE, P. J., BEAVER, ORLADY, SMITH, PORTER, MORRISON and HENDERSON, JJ.    Affirmed.

Assumpsit for goods sold and delivered.
Rule to open judgment.

HART, P. J., filed the following opinion :

The record in this case shows that summons was issued on December 10, 1902, against the defendant, and served by the sheriff on December 12, 1902, together with a copy of plaintiff's statement.

The plaintiff's statement sets forth that : " The plaintiff, Richard Van Cott, trading as Richard Van Cott & Company, claims of the defendant, Mrs. J. M. Webb-Miller, and Norman Miller, her husband, trading as Mrs. J. M. Webb-Miller, the sum of $645.78, . . . . upon the cause of action whereof the following is a statement: The defendant on August 30, 1902, made her three promissory notes, all dated New York, Au-

gust 30, 1902, whereof the following are copies. (Then follows copies of three several notes for $215.26 each, signed Mrs. J. M. Webb-Miller.)"

The defendant, Norman Miller, is nowhere in the pleadings referred to in any other relation to Mrs. J. M. Webb-Miller than as her husband, and the obligations claimed upon are claimed upon as her obligations. In this situation of the record it is very questionable whether the judgment now sought to be opened is supported by the pleadings here presented. The form in which this action is brought and the pleadings thereunder do not indicate an intention of charging Norman Miller as a contracting party, or as sustaining any other relation to the real defendant than that of her husband. There is no averment in the pleadings that they are copartners, or that there exists between them any partnership relation.

In view of this situation the counsel for the defendants doubtless concluded that an affidavit of defense made in behalf of Mrs. J. M. Webb-Miller would be sufficient to prevent judgment for want of an affidavit of defense, and says that, resting under this belief, did not cause an affidavit of defense to be filed on behalf of Norman Miller, as he had been directed by him to do.

It appears, however, that judgment was entered by the prothonotary on præcipe and direction of the attorney for the plaintiff, on February 2, 1903, for $655.78 for want of an affidavit of defense, and on the same day a fi. fa. was issued thereon, an affidavit of defense having previously been filed by Mrs. J. M. Webb-Miller, and which then remained undisposed of.

On February 4, 1903, the petition of Norman Miller to open said judgment and let him into a defense was presented to the court, and the rule here being considered was granted. The evidence taken on this rule shows that Norman Miller directed his attorney, Ortho N. Miller, as soon as served with the summons, to file his affidavit of defense, and says he was surprised, when he was notified of the judgment, that this had not been done. Norman Miller also testifies that he was not the contracting party with the plaintiff, and was not a party in any way to the notes upon which suit is brought, and that he was not a partner with J. M. Webb-Miller in the business

for and on account of which the debt for which these notes were given was contracted, and denies all liability to the plaintiff for or on account of this debt, and claims and testifies that it was alone the debt and obligation of his wife, J. M. Webb-Miller, and in this he is corroborated by his wife, Mrs. J. M. Webb-Miller, the other defendant.

It is unnecessary to say that this, if true, would be a good defense to this action against Norman Miller, in any view which might be taken of the action, and would be a proper question to submit to a jury for their determination.

In view of the situation of this record and the testimony here presented, we feel it our duty to open this judgment and let this defendant, Norman Miller, into a defense.

And now, May 1, 1903, rule to open the judgment against Norman Miller and let him into a defense is made absolute, and the fi. fa. issued thereon is set aside on condition that the said defendant, Norman Miller, file an affidavit of defense within ten days from this date.

*Error assigned* was the order of the court.

*Wm. Russell Deemer*, for appellant.

*Frank P. Cummings*, for appellee.

OPINION BY BEAVER, J., April 18, 1904 :

Assuming, for present purposes, that the plaintiff seeks to charge Norman Miller, the husband of Mrs. J. M. Webb-Miller, as a partner, the affidavit made by the latter, which goes to the merits of the claim, should, if sufficient in itself, prevent judgment against the partnership or either member of it. It is true that the affidavit is made by Mrs. Miller on her own behalf but it is based upon grounds which tend to negative any liability by anyone and, in addition, there is an implied denial of the husband's partnership, inasmuch as he is expressly named as her business manager. If, therefore, the affidavit is good as far as she is concerned, it would seem to be good so far as the partnership is concerned.

If the ground of recovery against Norman Miller is other than as a partner, the declaration is insufficient to charge him with

any liability. In any view of the case, therefore, from the standpoint of the pleadings, the court was clearly justified in opening the judgment.

If the action of the court had depended entirely upon the failure to file an affidavit of defense under the circumstances alleged in the petition and shown by the testimony, we would not regard its action as an improper exercise of discretion. The defendant employed an attorney in ample time, with proper directions, to care for his interests. The ground upon which defense was set up by Norman Miller, namely, that he was not a partner and in no way liable for the claim upon which suit was brought, was in itself a powerful appeal to a chancellor and would have made the failure to open the judgment inequitable.

As to the setting aside of the fi. fa., which constitutes one of the assignments of error, the plaintiff should have been allowed to retain whatever of security he acquired thereby. In Adams v. Leeds, 189 Pa. 544, although it was a case in which judgment had been entered by warrant of attorney, which was opened upon application by one of the defendants and the judgment as to him opened and the fi. fa. issued thereon set aside, the Supreme Court said: · " The opening of a judgment which is a lien on real estate does not destroy or impair the lien, nor does it necessarily affect the lien of a levy made upon personalty under an execution issued on the judgment. The liens in either case may and should be continued pending the determination of the issues relating to the validity of the judgment and to the nature and amount of the indebtedness represented by it." This applies with equal propriety to a judgment entered by default for want of an affidavit of defense. If the defendant makes good his defense, the execution and lien will fall with the judgment but, until that is done, we think it should remain. We, therefore, now modify the decree of the court opening the judgment and setting aside the execution by reinstating the execution and the lien, if any, acquired thereby.

The order, as thus modified, is affirmed.