Giles *v.* Ryan et al., Appellants.

Argued November 28, 1934. Before FRAZER, C. J.,
SIMPSON, KEPHART, MAXEY, DREW and LINN, JJ.

*Howard Zacharias,* with him *Albert G. Liddell,* for appellants.

*C. J. Tannehill,* with him *U. G. Vogan,* for appellee.

66

OPINION BY MR. JUSTICE MAXEY, January 7, 1935:

This is an action of ejectment, but it had its inception in an action in trespass brought in 1925 by the plaintiff, Ola Giles, against William F. Ryan (now deceased) to recover damages for the death of her husband. At that time Ryan owned the real estate, the title to which is now in dispute. The summons in the trespass action, together with plaintiff's statement of claim, was duly served upon Ryan, but no appearance was entered for him. The case was tried, Ryan being neither present nor represented by counsel, and on February 8, 1927, the jury returned a verdict for the plaintiff, upon which judgment was entered a week later. On March 7, 1927, which was within the term, Ryan filed a petition "to open said judgment and set aside the verdict," alleging that his failure to appear at the trial or through counsel was due to the failure of an attorney to represent him whom he thought he had engaged to defend the suit for him, that he had not known of the cause being listed and called for trial, and that he had a good defense which he desired to lay before a jury. After a hearing, the court granted the motion but, in order that the plaintiff might not be "placed in a worse position than before by reason of our interposition," required that certain facts should be considered as averred in plaintiff's statement and that Ryan should pay certain costs of the prior trial. These conditions being agreed to by stipulation of counsel, the court, on January 31, 1928, ordered that "the said judgment is opened and verdict set aside and a new trial granted." Shortly thereafter, on February 27, 1928, Ryan conveyed the real estate in question to Anna McKnight, his mother-in-law, the consideration for the conveyance being $8,000 in cash and the satisfaction of a $10,000 mortgage upon the property which he had given her in 1924. In March, 1928, Mrs. McKnight mortgaged the property to the Potter Title and Mortgage Guarantee Company, which mortgage was later assigned to the Potter Title and Trust Company, intervening defendant. In January, 1929, plain-

tiff's action in trespass was tried for the second time and plaintiff again obtained a verdict, but the court entered judgment n. o. v. for the defendant. Plaintiff then appealed to this court which reversed the case (298 Pa. 158, 148 A. 90), and, on April 16, 1930, judgment for the plaintiff was entered for the amount of the verdict on the second trial, to wit: $10,457.

The judgment not being paid, plaintiff caused execution to be issued thereon, and at the sheriff's sale bought the interest of Ryan in the property. Mrs. McKnight refused to surrender possession and this action followed. The Potter Title and Trust Company, as assignee of the mortgage, was permitted to intervene as a party defendant, and Mrs. McKnight having died before the case came on for trial, her executrix and sole devisee, Catherine Ryan, widow of the defendant in the trespass action, was substituted as defendant. The question now is whether the order of the court below opening the judgment, setting aside the verdict and granting a new trial, dissolved the lien of plaintiff's first judgment, for it is conceded that if the lien existed at the time of the conveyance under which defendants claim, plaintiff is entitled to judgment in her favor. The trial judge being of opinion that the granting of a new trial in the trespass action operated as a setting aside of the judgment previously entered, held that the lien of that judgment was dissolved and accordingly gave binding instructions for the defendants. However, after argument upon plaintiff's motion for judgment n. o. v., the court in banc concluded that the trial judge had erred, that the order giving the defendant in the trespass action an opportunity to present his defense was merely an opening and not a setting aside of the judgment previously rendered, and entered judgment n. o. v. for the plaintiff on the ground that the opening of a judgment does not dissolve its lien. Defendants appealed.

The proposition of law upon which the court below acted—that the opening of a judgment to let the defend-

ant into a defense does not destroy its lien—is well settled and cannot be disputed: Breden v. Gilliland, 67 Pa. 34; Cope's App., 96 Pa. 294; Adams v. Leeds, 189 Pa. 544, 42 A. 195; Markofski v. Yanks, 297 Pa. 74, 146 A. 569; Salus v. Fogel, 302 Pa. 268, 153 A. 547. In reaching this result the court held that the order entered in the trespass action could not be a setting aside of the judgment. A lien is an incident of every judgment of which it can be deprived only by setting aside. See Steinbridge's App., 1 P. & W. 481; Gallup v. Reynolds, 8 Watts 24. A judgment cannot be vacated or stricken off except for defects apparent on the face of the record (King v. Brooks, 72 Pa. 363; Johnson v. Royal Ins. Co., 218 Pa. 423, 67 A. 749; Wilson v. Vincent, 300 Pa. 321, 150 A. 642) or unless a fact which renders it irregular is placed upon the record by an amendment nunc pro tunc (Breden v. Gilliland, supra; Lawrence v. Smith, 215 Pa. 534, 64 A. 776), and such was not the case here. But this ruling overlooks the fact that the final order entered—"judgment opened, verdict set aside and a new trial granted"—was the granting of a new trial. The petition of the defendant Ryan was in effect a request for a new trial so that he might have the opportunity of presenting a defense which he had not had an opportunity of presenting before. The facts which he alleged and proved showed that there had never been a real contest in the case and that he had never had his day in court because of a bona fide mistake. Since it is fundamental that no man's right should be prejudiced without an opportunity of defending that right, this was a proper ground for the court's action in granting him a new trial in order that he might present his defense. See Miller v. Neidzielska, 176 Pa. 409, 35 A. 225; McEvoy v. Quaker City Cab Co., 267 Pa. 527, 110 A. 366; Powell v. Doyle, 77 Pa. Superior Ct. 520. Plaintiff argues that when the court, in granting Ryan's petition, stated that it did not wish to place her in a worse position than before, it indicated that it did not mean to dissolve the lien which had attached by reason of her prior judg-

ment. An examination of the opinion filed with the order shows that this is not so; the statement upon which plaintiff relies prefaces the conditions upon which the court allowed the motion, and it is clear that all that was meant thereby was that the plaintiff should not be burdened with the costs of the first trial when, through no fault of hers, the case had to be tried again. When a court grants a new trial, the necessary effect thereof is to set aside the prior judgment and leave the case as though no trial had been held: Lance v. Bonnell, 105 Pa. 46; Fisher v. R. R., 185 Pa. 602, 40 A. 97; Com. v. Bishop, 69 Pa. Superior Ct. 435. See Class & Nachod Brewing Co. v. Giacobello, 277 Pa. 530, 121 A. 333. By the operation of an order granting a new trial, the cause, in contemplation of law, is precisely in the same condition as if no previous trial had been held: 20 Standard Enc. of Procedure, page 628 (citing cases). " . . . The order granting the new trial has the effect of vacating the former judgment, and to render it null and void, and the parties are left in the same situation as if no trial had ever taken place in the cause": U. S. v. Ayres, 9 Wall. 608. See also 20 R. C. L., page 313, section 97. Since the lien of plaintiff's judgment upon the property now in dispute was lost by the granting to Ryan of a new trial, and as the property was sold to Mrs. McKnight before the second trial was had, the judgment which plaintiff obtained on the verdict against Ryan at that trial could not operate as a lien upon this property which Ryan no longer owned. It follows that plaintiff obtained nothing by her purchase of Ryan's interest at the sheriff's sale, and that the judgment in her favor must be reversed.

The judgment is reversed and the record is remanded to the court below with direction to enter judgment for defendants upon the verdict.