## Nelson v. Wyza

*Edwin K. Logan*, for plaintiff.

*Gilbert E. Long*, for defendant.

BRAHAM, P. J., March 3, 1950.—This case comes before the court on a petition to open judgment. The facts may be briefly stated.

On August 22, 1949, plaintiff sued defendant before an alderman for rent. The writ was duly served on defendant. On August 29, plaintiff and defendant were heard. The alderman then reserved judgment. On September 17th he entered judgment for plaintiff for $210.00. Execution having been issued and returned unpaid plaintiff on October 13, 1949, filed a transcript of the record in the Court of Common Pleas of Lawrence County at the above stated number and term. Upon this judgment she brought suit in Ohio and caused defendant's wages to be attached. Defendant then filed the petition to open judgment which is now pending.

Defendant's petition to open judgment alleges that he does not owe plaintiff any money for rent and that the alderman's transcript is defective because it does not show compliance with the Act of March 22, 1877, P. L. 13, 42 PS §670. Section 1 of this act provides as follows:

"It shall be the duty of justices of the peace and aldermen of this commonwealth to render judgment in

any cause or causes pending before them, within a period of 10 days after all the evidence in said causes shall have been heard". Section 2 makes it a misdemeanor for a justice of the peace or alderman to fail to comply.

The transcript of the alderman is, in part, as follows:

"August 29, 1949 3 P.M. Atty E. K. Logan for Plaintiff Helen G. Morgan Nelson. Plaintiff claims of the defendant the sum of $210.00 Rent due and owing. John Wyza Defendant sworn. Decision reserved for investigation.

"Sept. 17, 1949. I do hereby enter judgment publicly in favor of Plaintiff Helen G. Morgan Nelson and against Deft. John Wyza for the sum of Two hundred ten & no/100 (210) Dollars and costs of suit.

"Oct. 8, 1949. Execution issued Returned".

The case is unusual in that defendant says he did not appeal nor sue out a writ of certiorari because plaintiff had already filed in court a transcript of the proceedings. An appeal seeks a review on the merits; a certiorari brings up only the record: Commonwealth v. O'Brien, 10 Schuyl. Reg. 24; Burns v. Brahl, 31 Luz. 33. The Act of June 24, 1885, P. L. 160, 42 PS §765, provides that where no appeal or certiorari has been brought and a transcript has been filed in the common pleas, thereafter the judgment shall have all the force and effect of a judgment obtained originally in common pleas.

Defendant did not prosecute an appeal or sue out a certiorari within the 20 days allowed by the Act of March 20, 1810, 5 Sm. L. 161, P. L. 208, secs. 4 and 21. A certiorari may, however, be brought after the 21 days if there has been lack of jurisdiction or a failure of the alderman to follow the commands of the statute: Parry v. Romig, 19 Lehigh 317; The Philadelphia Inquirer Co. v. Marvin, 31 D. & C. 480.

Defendant's proceeding in this court combines elements of a certiorari and of an appeal. He strikes at

the alderman's record as defective because it does not show judgment to have been entered within 10 days as required by the statute, does not show continuance to a certain date and does not show notice to the defendant of the entry of judgment. On the other hand he alleges in his petition to open judgment that he does not owe the money and at trial produced evidence to prove it.

Without discussing further the technical points of procedure raised by this record, we have examined carefully both of defendant's main contentions. The failure of the alderman to note on his record that he had continued the case to a certain day when it was to be decided and his failure to record the sending of notice of his decision are not necessarily fatal. In Black v. Black 12 Dist. R. 424, it was held by Judge Ralston of Philadelphia County that the prohibition against continuance for more than 10 days is directory and not mandatory. In Zamba v. Braziell, 35 D. & C. 679, the late Judge Reader of Beaver County arrived at the same conclusion in a case where the continuance was not to a day certain. There are authorities to the contrary; but we agree with these eminent judges that the legislature meant to compel the magistrates to proceed promptly but did not mean to cause a litigant to lose his case because the judge was too slow. In the Zamba case the court relied upon a presumption that the alderman gave notice of his decision. In the case at bar, the alderman is a magistrate of long experience and his testimony as to the giving of notice is entirely credible.

Defendant's evidence to show that he had paid his rent is not convincing. His testimony stands uncorroborated and in view of his admitted unemployment and receipt of relief we find the evidence of plaintiff concerning her troubles with defendant as a tenant and her efforts to collect her rent more convincing.

A proceeding to open judgment is an application to the equitable powers of the court: Markofski et ux. v. Yanks, 297 Pa. 74, 7 Standard Pa. Practice 150. We find the evidence in this case entirely insufficient to require the opening of the judgment and hence make the following

*Order*

Now, March 3, 1950, defendant's petition to open judgment is refused and discharged at the cost of defendant.