## Jones v. Hornack

*John F. Roney,* for plaintiffs.

*Zeman & Zeman,* for defendants.

WEINER, J., March 13, 1963.—This matter comes before the court on exceptions filed to the priority of liens governing the distribution of the proceeds of the sheriff's sale of the property of defendants, which sale was held December 1, 1961. The exceptions are particularly directed to a nunc pro tunc order made December 4, 1961, as of October 2, 1961, giving priority to the judgment entered at nos. 184 to 188 inclusive, November term, 1956, DSB.

On October 3, 1956, plaintiffs confessed judgment against defendants at the numbers and terms as indicated in the caption of this case. An execution was issued on the judgment at no. 185, November term, 1956, DSB, on June 16, 1958, returnable to the first Monday of October, 1958, at no. 31, May term, 1958, E. D., and the sheriff thereupon levied on the real estate of defendants. On September 10, 1958, defendants petitioned the court to open the judgment and stay the said execution. After many hearings and much testimony, the judgment was opened and the matter was listed for trial. When the case was called for trial on November 29, 1961, defendants failed to appear, and the court through Carson, P. J., directed judgment to be entered in favor of plaintiffs. On the same date, the court vacated the stay of execution "so that the plaintiffs may proceed as they may be entitled to under the law."

In the meanwhile, foreclosure proceedings were instituted by the Bridgeville National Bank against plaintiffs, with notice to defendants, as owners or reputed owners, on a writ of execution at no. 13, September term, 1961, E. D.; this foreclosure being on a mortgage which was concededly a first lien on the subject premises. A sheriff's sale was held on December 1, 1961, at 10:00 a.m., and the property of defendants was sold.

The exceptions contend that the lien of the said judgment at no. 185, November term, 1956, DSB, on which execution had been issued June 16, 1958, was lost prior to the date of the sheriff's sale, and contend that the same expired October 3, 1961, at the end of five years from the date of entry. The exceptions also contend that the court had no legal authority to make the nunc pro tunc order of December 4, 1961. While the exception to the nunc pro tunc order is well founded, the exceptions are in error with respect to the lien of the judgment at no. 185, November term, 1956, DSB. At the time of the sheriff's sale on December 1, 1961, the lien of that judgment, created by the issuance of the execution thereon on June 16, 1958, at no. 31, May term, 1958, E. D., had not yet expired, and by virtue of the said execution, the said judgment was a valid and subsisting lien at the time of the sheriff's sale on December 1, 1961, and is, therefore, entitled to share in the distribution of the proceeds of that sale.

While this court has been unable to find any appellate decision thereon, we deem it clear that section 7(a) of the Act of July 3, 1947, P. L. 1234, 12 PS §883 (a), extends the lien of this judgment by virtue of the execution issued thereon. The section in question reads as follows:

"The holder of any judgment may, within five years after the entry thereof or after the entry of any judgment of revival thereon, have execution in the manner

provided by law on such original judgment or on such judgment of revival, as the case may be, against any real property bound by the lien of the judgment, whether or not any interest therein has been acquired by a terre-tenant and against any real property acquired by the defendant subsequent to the entry of the original judgment or of the judgment of revival, as the case may be, and owned by him at the time of the indexing of the execution. In the case of after-acquired property, the execution, when docketed and indexed, shall become a lien upon such real property. *In the case of real property which is then subject to the lien of the judgment, the execution, when docketed and indexed, shall continue such lien beyond the time it would otherwise have expired. Any lien obtained or continued solely as the result of the docketing and indexing of the execution shall continue only for a period of five years from the indexing of the execution."* (Italics supplied.)

It may be observed that the law quoted by the exceptants with respect to the right of a person to be guided by the record as of the date of the sheriff's sale applies only to innocent purchasers who have no notice of the fact that the record might not be as it appeared: Bradley v. Price, 396 Pa. 234. The exceptants are not in a position to argue that they are innocent purchasers. They have been participants in the various proceedings preceding the sheriff's sale, with full knowledge of all the facts material to indicate the true situation at the time of the sheriff's sale on December 1, 1961, particularly with respect to the execution issued.

It might be further observed that while the court has mentioned that there is no precise case in point under the Act of 1947, supra, the Supreme Court in the case of Adams v. James L. Leeds Company, 189 Pa. 544 (1899), recognizes that liens created by the levy of an execution may be extended by an order of court

pending the determination of any issues relating to the validity of the judgment. We cite this case by reason of the fact that the exceptants represented the petitioners in the petition to open the judgment at no. 185, November term, 1956, DSB, and were counsel of record until the disposition of that proceeding on November 29, 1961. It might be further noted that it has also been held that for the purpose of distribution, the record is not conclusive. The true order of priority will control the rights of parties having knowledge of the true facts: Britton's Appeal, 45 Pa. 172.

Accordingly, the sheriff is authorized and directed to distribute the proceeds of the sale held December 1, 1961, of the premises mentioned above, as follows:

(a) All sheriff's costs and fees, if not already paid.

(b) Judgment at no. 138, September term, 1961, DSB, (no. 13, September term, 1961, E. D.) in full of debt, interest, costs and attorney's commission, if not already paid.

(c) Judgment at no. 185, November term, 1956, DSB (no. 31, May term, 1958, E. D.) in full of debt, interest and costs, or in lieu thereof, a receipt therefor by counsel of record.

(d) Judgment at no. 18, November term, 1957, DSB, in full of debt, interest and costs, or in lieu thereof, a receipt therefor by counsel of record.

(e) Balance remaining for distribution to be applied to the judgment at no. 217, November term, 1961, DSB, or, in lieu thereof, a receipt therefor by counsel of record.