522 A.2d 94

**Domenic A. MACIOCE, and Anita M. Macioce, Appellants,**

v.

**Peter M. GLINATSIS, d/b/a Merchandise Distributors, also known as Merchandise Distributors of Large, Appellees.**

Superior Court of Pennsylvania.

Argued Dec. 17, 1986.

Filed March 4, 1987.

Michael I. Markowitz, Pittsburgh, for appellants.

Vincent R. Baginski, Pittsburgh, for appellees.

Before BROSKY, DEL SOLE and JOHNSON, JJ.

JOHNSON, Judge:

We are asked to construe Pennsylvania Rule of Civil Procedure 2959(f) and determine whether a lien obtained by confession of judgment may be impaired, upon a stay of execution, by granting a judgment debtor access to certain garnisheed bank accounts without substitution of security. We think not, and reverse the order granting such access.

A complaint for confession of judgment was filed by Domenic A. Macioce and Anita M. Macioce (hereinafter the

Macioces) against Peter M. Glinatsis. Pursuant to the Macioces' complaint a confession of judgment was entered in the amount of $19,762.50. The Macioces filed a praecipe for a writ of execution upon the judgment and a writ was subsequently issued thereon naming Pittsburgh National Bank as garnishee. The writ was sent to the Sheriff of Westmoreland County who was directed to serve the writ and copies of interrogatories on the garnishee. The trial court thereafter issued a rule to show cause why the judgment entered by confession should not be opened. Pittsburgh National was served with the writ of execution and the interrogatories.

On February 8, 1985, the trial court issued an order granting a stay of execution on the judgment by confession and the sheriff's sale and granting Glinatsis access to his accounts at Pittsburgh National Bank. On that same date the trial court vacated its first order of February 8, 1985 to the extent that Glinatsis was granted access to his Pittsburgh National accounts. On February 13, 1986 an order was entered which vacated the last order of February 8, 1985 and reinstated the first order of February 8, 1985 which granted Glinatsis access to his Pittsburgh National accounts and stayed the execution of judgment and sheriff's sale. On February 21, 1985 Pittsburgh National filed its answers to the interrogatories and stated therein that it was not holding the Glinatsis accounts, pursuant to the order of February 13, 1985. Subsequently the Macioces filed a petition for reconsideration of the order of February 13, 1985 and a timely appeal from that February 13 order to this court.. On May 5, 1986 the trial court entered an order making absolute the rule to show cause opening the judgment and admitting Glinatsis to a defense.

■ In light of the order of May 5, 1986 opening the judgment, we will initially consider whether this appeal is moot. The basis of appellant's argument is that the trial court improperly granted the appellee access to his bank accounts while the proceedings to open the judgment were pending. The fact that the judgment was subsequently

opened appears to undermine any argument that the court's conduct during the pendency of those proceedings was improper. However, in *Adams v. James L. Leeds Company*, 189 Pa. 544, 42 A. 195 (1899) our Supreme Court did consider the question of whether the trial court erred in setting aside an execution and attachments on an appeal from an order opening judgment. In *Leeds, supra*, the court affirmed the order opening the judgment while reversing that part of the order setting aside the execution and attachments. Thus under *Leeds*, it does not appear that this appeal is moot.

On appeal the Macioces raise two arguments for our consideration, (1) whether the order dissolving the lien of attachment on Glinatsis' bank accounts was a violation of Pennsylvania Rule of Civil Procedure 2959(f), and (2) whether the order dissolving the lien of attachment on Glinatsis' bank accounts was contrary to law where it was entered during the pendency of proceedings limited to opening the judgment entered by confession.

Appellants argue that the order in question violates Pa.R. C.P. 2959(f) because by allowing Glinatsis access to his Pittsburgh National accounts the court effectively dissolves the lien of an attachment obtained under the confession of judgment. The Rules of Civil Procedure provide that:

> The lien of the judgment or of any levy or attachment shall be preserved while the proceedings to strike off or open the judgment are pending.

Pa.R.C.P. 2959(f).

In support of their argument appellants point to the fact that the order of February 13, 1985 was entered during the pendency of the proceedings to open judgment.

The language of Rule 2959(f) clearly provides that the lien of the judgment or attachment shall be preserved during the pendency of the proceedings to open the judgment. While the trial court may stay execution pending the decision on the petition to open, the filing of the petition to open judgment does not impair the lien of the judgment. The comments to Pa.R.C.P. 2959(f) specifically indicate that:

An order of court opening a judgment does not impair the lien of the judgment or of any execution issued on it, although the court may stay the execution pending final disposition of the proceeding. 7 Stand.Pa.Prac. 172, 174 §§ 138, 142. To the contrary an order of court striking a judgment annuls the lien of the judgment or of any execution issued on it. 7 Stand.Pa.Prac. 244 §§ 223, 224.

However, the mere filing of a petition to open or strike a judgment does not affect the lien of the judgment or of any execution, subject, of course, to the power of the court to stay execution pending decision on the petition. Subdivision (f) has been added to Rule 2959 to restate this principle.

Explanatory Notes—1979 to Pa.R.C.P. 2959(f). While we are aware that these comments to the rules are not binding, we may use them as an aid when interpreting the meaning of the rules. *Commonwealth v. Boyce*, 304 Pa.Super. 27, 450 A.2d 83 (1982). A review of earlier case law demonstrates that Pa.R.C.P. 2959(f) restates a principle of long standing in this Commonwealth that a judgment does not lose its status by being opened and it is still a lien. *Markofski, et ux. v. Yanks*, 297 Pa. 74, 146 A. 569, (1929) *Giles v. Ryan*, 317 Pa. 65, 176 A. 1 (1935); *Sanctis v. Lagerbusch*, 213 Pa.Super. 483, 249 A.2d 919 (1968). *Metropolitan Federal Savings and Loan Association of Eastern Pennsylvania v. Bailey*, 244 Pa.Super. 452, 368 A.2d 808 (1976). In *Rochester Machine Corporation v. Mulach Steel Corp.*, 287 Pa.Super. 270, 430 A.2d 280 (1981), reversed on other grounds, 498 Pa. 545, 449 A.2d 1366 (1982), this court found that Pa.R.C.P. 2959(f) clearly stated the procedures to be used by a court when opening a judgment. Relying on the language of Rule 2959(f) the court concluded that a judgment remains effective even after it has been opened, unless it is struck by order of court.

■ In seeking to reverse the order of February 8, 1985 granting the appellee access to his bank accounts, appellants also argue that the order in question is beyond the scope of the court's power according to prevailing caselaw

in this Commonwealth. We find this argument to be without merit. In *Adams v. James L. Leeds Co., supra* our Supreme Court said that:

> The opening of a judgment which is a lien on real estate does not destroy or impair the lien, nor does it necessarily affect the lien of a levy made upon personalty under an execution issued on the judgment. The liens in either case may and should be continued pending the determination of the issues relating to the validity of the judgment, and to the nature and amount of the indebtedness represented by it.

*Id.*, 189 Pa. at 547, 42 A. at 196. In that case the court affirmed the trial court's decision to open the judgment but found erroneous its decision to set aside the execution and attachments as it deprived the plaintiff in the judgment of the security of the liens on the personalty. *See also McIlvain v. James L. Leeds Co.*, 189 Pa. 638, 42 A. 307 (1899).

In staying the execution of the judgment and sheriff's sale and granting the appellee access to his bank accounts, the trial court found that the appellee had business and personal assets, other than the bank accounts, sufficient to support a judgment in favor of appellants. Opinion, 7/22/86 at 1–2. Consequently, the court found the bank accounts in question to be unnecessary security. As authority for its action the trial court relied upon this court's decision in *Highway Equipment Company v. Hamlin Coal Company*, 230 Pa.Super. 311, 326 A.2d 570 (1974).

In *Hamlin Coal, supra* we considered whether the trial court had erred in opening a default judgment and refusing to set aside garnishments and attachments entered upon the judgment which was opened. This Court affirmed the order opening the judgment and reversed the order refusing to set aside a lien of attachments. We found that since an order opening a judgment is interlocutory, the trial court retained the authority to control the judgment, garnishments, attachments and executions entered on that judgment.

Contrary to appellant's assertion, *Hamlin* is not inconsistent with the decision in *Leeds*. In *Leeds* the question

was not one of the trial court's authority to act. The question addressed by the court in *Leeds* was whether the court abused its discretion in setting aside an execution and attachment where the court's action deprived the plaintiff in the judgment of the security afforded him by liens upon personalty belonging to the defendant. The supreme court determined that the plaintiff was entitled to the security afforded by the liens, pending the proceedings upon the opened judgment, unless other equivalent security was substituted for it and approved by the court.

Other than its broad finding that the appellee had other personal and business assets sufficient to support a judgment, the trial court in the instant case does not appear to follow the course set forth by the supreme court in *Leeds*.

Consequently, to the extent that the order in question stays the execution on the judgment and sheriff's sale, we affirm. However, we reverse that part of the order granting the appellee access to the garnished Pittsburgh National accounts, since adequate substitute security was not provided. We reinstate that part of the February 8, 1985 order which denied Glinatsis access to his garnished Pittsburgh National Bank accounts.

Order affirmed in part and reversed in part.