653 A.2d 17

**Charles E. HAGEL, Appellant,**

v.

**UNITED LAWN MOWER SALES & SERVICE, INC.**

Superior Court of Pennsylvania.

Argued Oct. 5, 1994.

Filed Jan. 10, 1995.

Stephen W. Edwards, Philadelphia, for appellant.

Mark C. Clemm, Plymouth Meeting, for appellee.

Before ROWLEY, P.J., and KELLY and CERCONE, JJ.

CERCONE, Judge.

This is an appeal as of right from an order which dissolved an attachment on a bank account, and *inter alia*, opened a confessed judgment.[1] We reverse as to that portion of the trial court's order which dissolved the attachment without providing adequate substitute security, we quash the appeal as to the petition opening the confessed judgment, and we remand with instructions.

In June of 1992, appellant Charles E. Hagel sold a business, now called United Lawn Mower Sales & Service, Inc., to its current owner, George Emery. The buyer notified appellant in September of 1993 that he would make no further installment payments toward satisfying the total contract price owed. Mr. Emery's letter stated that events had demonstrated that the value of the assets purchased was considerably lower than the value Mr. Hagel had warranted in the sales negotiations and in the written contract. The buyer therefore demanded a set-off pursuant to the agreement of sale. Appellant treated the buyer's action as a default, filed a confession of judgment, and levied against United Lawn Mower's assets and business bank account.

United sought bankruptcy protection in November of 1993. However, the bankruptcy petition was dismissed after only a few weeks, and appellant thereafter obtained the contents of the corporation's bank account. On December 7, 1993, United filed and served a petition seeking to open the confessed

1. An order confirming, modifying or dissolving an attachment is appealable as of right. Pa.R.A.P., Rule 311(a)(2), 42 Pa.C.S.A.

judgment, to dissolve the attachment against its bank account, and to gain the return of funds already seized. United also filed a petition alleging new matter and raising a counter-claim. The next day, the Honorable Samuel Salus entered an order which opened the confessed judgment, stayed all proceedings and dissolved the attachment against United's account at Madison Bank, as well as any levies or other attachments filed or implemented pursuant to the confessed judgment. The order also directed appellant to return the seventeen thousand dollar sum already seized by appellant. The trial court did not require United Lawn Mower to post a bond.

Appellant filed a motion for reconsideration on December 17, 1993, which Judge Salus ultimately denied on January 11, 1994. Appellant's timely notice of appeal was docketed by this Court January 5, 1994. On February 28, 1994, the lower court denied appellant's application for stay pending appeal. Thereafter, appellant petitioned this Court for a stay. The Superior Court entered the following per curiam order on February 28, 1994:

AND NOW, this 28th day of February, 1994, after hearing upon Petition of Appellant, Charles E. Hagel for Stay of Injunction IT IS HEREBY ORDERED that the Orders of the Common Pleas Court in this case dated December 8, 1993 and February 18, 1994 are HEREBY STAYED, and the balance of the fund in dispute (said to be approximately Eleven Thousand ($11,000.00) Dollars) shall remain in escrow pending disposition of appeal in this Court.

Order docketed February 28, 1994 in the Superior Court; docketed March 2, 1994 in the Court of Common Pleas.

This appeal essentially presents two issues: (1) whether the lower court erred in dissolving the attachment without requiring a bond or adequate substitute security; and (2) whether the trial court committed an abuse of discretion in granting the petition to open the confessed judgment. Additionally, appellee, United Lawn Mower Sales & Service, Inc., argues that the appeal of Charles E. Hagel should be quashed for failing to designate, prepare, or file a reproduced record in violation of Rules of Appellate Procedure 2101, 2152, and 2154.

■ We agree with appellee that failure to comply with relevant procedural requirements is a serious matter. Noncompliance with the rules relating to the content of reproduced records on appeal may result in the imposition of sanctions. *Pennsylvania Human Relations Commission v. Ammon K. Graybill, Jr., Inc., Real Estate*, 482 Pa. 143, 147 n. 3, 393 A.2d 420, 422 n. 3 (1978). This Court has not hesitated to quash even appeals from criminal convictions where an appellant has neglected his or her duty under the Rules of Appellate Procedure thereby substantially impeding the review process. *See, e.g., Commonwealth v. Drew*, 353 Pa.Super. 632, 510 A.2d 1244 (1986); *Commonwealth v. Sanford*, 299 Pa.Super. 64, 445 A.2d 149 (1982). However, in the instant case, the defects in the reproduced record are not so serious as to preclude our ability to properly evaluate and address the substantive arguments advanced by the parties. For this reason, we decline to either quash the appeal or to impose any other type of sanction on this basis.

■ Appellant first contends that the trial court's order of December 8, 1993 must be deemed invalid, and therefore ineffective under Pennsylvania law, on the grounds that it was in the nature of an injunction and thus required a bond to be posted. The disputed order contains the following language:

### ORDER

AND NOW, this 8th day of December, 1993, upon consideration of the Petition of United Lawn Mower Sales and Service, Inc. to strike or open judgment, to stay execution, and to dissolve attachment, and any response thereto, it is hereby Ordered and Decreed that:

. . . .

b. the judgment confessed by Charles E. Hagel against United [Lawn Mower] Sales & Service, Inc. on September 15, 1993 is hereby opened; all proceedings meanwhile shall be stayed; the attachment of United's bank account at Madison Bank is hereby dissolved, and any and all levies or attachments filed or implemented by Hagel pursuant to the

9/15/93 confessed judgment are also hereby dissolved, and Hagel and Hagel's attorneys shall return the sum of $17,-188.25 to United's bank account at Madison Bank within two (2) days of the date from this Order.

Order dated December 8, 1993, docketed December 9, 1993 (omission in original).[2] While we do not accept appellant's characterization of this order as a mandatory injunction, we agree with appellant that the lower court should have required appellee to post a bond before dissolving the attachment.

The Pennsylvania Rules of Civil Procedure govern the enforcement of money judgments, and explicitly contemplate the release of property and/or funds from levy and attachment. When a confession of judgment has been entered, liens of the judgment or of any levy or attachment shall be preserved while proceedings to strike off or open the judgment are pending. Pa.R.C.P. No. 2959(f), 42 Pa.C.S.A. An order of court striking a confessed judgment annuls any liens or executions issued thereupon. Explanatory Notes, Rule 2959(f). By way of contrast, an order of court which merely opens a confessed judgment does not impair the lien of the judgment nor of any execution issued on it. *Id. See Macioce v. Glinatsis,* 361 Pa.Super. 222, 225–26, 522 A.2d 94, 96 (1987) (judgment does not lose its status by being opened and is still a lien).

Upon cause shown, on petition of any person or party in interest, the Court of Common Pleas may release specific property from a levy. Pa.R.C.P. No. 3119(1). However, any such release must be premised upon the filing of a bond or security approved by the court in an amount based upon the lesser of either the value of the property, or the amount of the judgment, interest, and probable costs. *Id.*[3] An order granting a judgment debtor access to a garnished

**2.** Judge Salus crossed out subsection (a) on the original order which has been placed in the certified record. Subsection (a) would have stricken the confessed judgment rather than opening it.

**3.** A court may also release part of the property if its value is excessive compared to the amount of the judgment, interest, and probable costs. Pa.R.C.P. No. 3119(2), 42 Pa.C.S.A.

bank account without the substitution of an equivalent security is improper. *Macioce v. Glinatsis,* 361 Pa.Super. at 227–28, 522 A.2d at 96–97 (discussing the requirements of *McIlvain v. James L. Leeds Co.,* 189 Pa. 638, 42 A. 307 (1899), *Adams v. James L. Leeds Co.,* 189 Pa. 544, 42 A. 195 (1899), and *Highway Equipment Company v. Hamlin Coal Company,* 230 Pa.Super. 311, 326 A.2d 570 (1974)). We therefore conclude that, because the December 8th order effectively released bank account funds already seized under appellant's levy and execution, the lower court either should have required appellee to post bond pursuant to Rule 3119 or directed appellee to provide some other form of security. Upon remand, the trial court is instructed to require appellee to either post bond or to provide appellant with an appropriate form of equivalent substitute security.

■ Appellant's second identified issue questions the propriety of the lower court's action in opening the judgment. No appeal as of right may be taken from the trial court's order opening a confessed judgment. *Joseph Palermo Development Corp. v. Bowers,* 388 Pa.Super. 49, 51, 564 A.2d 996 (1989) (citing Pa.R.A.P., Rule 311(a)(1), 42 Pa.C.S.A.). Under the version of Rule of Appellate Procedure 311 which became effective on July 1, 1989, only an order refusing to open, vacate, or strike off a judgment is immediately appealable. *Id.* We must therefore quash as interlocutory that portion of the appeal which challenges the trial court's decision to open the confessed judgment.

The appeal from the order opening confessed judgment is quashed; the order of December 8, 1993 is reversed insofar as it dissolves the attachment on appellee's bank account without providing adequate substitute security. The case is remanded with instructions. Jurisdiction relinquished.