930 F.2d 34
 Unpublished Disposition
NOTICE: Tenth Circuit Rule 36.3 states that unpublished opinions and orders and judgments have no precedential value and shall not be cited except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel.
G.R. RAINS, Plaintiff-Appellant,
v.
FEDERAL DEPOSIT INSURANCE CORPORATION,
Defendant-Third-Party-Plaintiff-Appellee,
v.
Jay EWING, Third-Party-Defendant,
and
Gary L. Dinges, Nickerson State Bank, and Paganica, Inc., Defendants.
 No. 90-3054.
 United States Court of Appeals, Tenth Circuit.
 Feb. 25, 1991.
 
 Before LOGAN, SEYMOUR and TACHA, Circuit Judges.
 ORDER AND JUDGMENT*
 TACHA, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 This appeal is from an order of the district granting summary judgment in favor of defendant Federal Deposit Insurance Corporation (FDIC). The Estate of G.R. Rains (the Estate) alleges on appeal that: (1) the district court did not have jurisdiction to decide whether the Estate had been properly substituted as a party, (2) the district court improperly concluded the Estate had been substituted as a party and thus FDIC could maintain its action against the Estate, and (3) summary judgment was inappropriate because discovery had not been completed on the fraud question raised by plaintiff. We affirm.
 
 
 3
 This case arises out of an action filed by plaintiff G.R. Rains on April 29, 1985 in the state courts of Kansas. Plaintiff named Boulevard State Bank (BSB), Gary Dinges, and Nickerson State Bank (NSB) as defendants. Count II of the petition alleged BSB and Dinges conspired during the spring of 1984 to cause plaintiff to execute two notes, the first for $100,000 and the second for $150,000. Plaintiff asserted he did not receive these funds and was not aware of their disposition. BSB filed a counterclaim against plaintiff seeking judgment on the two notes.
 
 
 4
 BSB was declared insolvent in February of 1987 and FDIC was appointed receiver. As receiver, FDIC transferred certain assets to FDIC in its corporate capacity, including the notes at issue in this case. After plaintiff's death on March 27, 1987, NSB filed a motion to dismiss or, in the alternative, for substitution of the Estate as a party. NSB also filed a suggestion of death at this time. The court granted NSB's motion to dismiss on April 24, 1987. On April 28, 1987, plaintiff's counsel, Michael Friesen, filed a motion to vacate this order, claiming he had not received notice of the hearing on NSB's motion.
 
 
 5
 On July 1, 1987, a telephonic hearing was conducted by State District Judge William Lyle on the motion to vacate. At that hearing, Judge Lyle ordered the action reinstated and ordered the Estate and FDIC be substituted as parties to the action. Friesen was directed by the court to draft the order substituting the Estate. He failed to do so until more than four months after the first published notice to creditors of the Estate.
 
 
 6
 FDIC removed this action to federal court on September 1, 1987. On November 20, 1987, FDIC moved for summary judgment on the two notes executed by plaintiff. The Estate replied, arguing FDIC's claim had not been properly revived because the Estate had not been substituted as a party. It also contended summary judgment was not proper at that time because discovery had not been completed on the fraud question raised by plaintiff.
 
 
 7
 On May 3, 1988, the district court granted FDIC's motion for summary judgment. The court determined the Estate had been substituted as a party and thus FDIC could maintain its action against the Estate. It also concluded the Supreme Court's decision in Langley v. FDIC, 486 U.S. 86 (1987), disposed of all arguments raised by the Estate in opposition to FDIC's motion for summary judgment. The court awarded FDIC a judgment for $250,000 against the Estate.
 
 
 8
 We review a district court's grant of a motion for summary judgment under the same standard applied by that court. Burnette v. Dow Chemical Co., 849 F.2d 1269, 1273 (10th Cir.1988). This standard asks whether there is a genuine issue of material fact. Id. In answering this question, we view all facts and inferences in the light most favorable to the non-moving party. Id. If we find there is no genuine issue of material fact, we affirm the district court unless it misapplied the law. Osgood v. State Farm Mut. Ins. Co., 848 F.2d 141, 143 (10th Cir.1988). Our review of legal questions is de novo. Carey v. United States Postal Serv., 812 F.2d 621, 623 (10th Cir.1987).
 
 
 9
 The district court had jurisdiction to determine whether the Estate had been properly substituted as a party pursuant to Kansas probate law. Although the federal courts cannot probate wills or enforce claims against an estate, they do "have jurisdiction to entertain suits 'in favor of creditors, legatees and heirs' and other claimants ... so long as the federal court does not interfere with the probate proceedings or assume general jurisdiction of the probate or control of the property in the custody of the state court." Markham v. Allen, 326 U.S. 490, 494 (1945) (citations omitted). This court has noted that:
 
 
 10
 The standard for determining whether federal jurisdiction may be exercised is whether under state law the dispute would be cognizable only by the probate court. If so, the parties will be relegated to that court; but where the suit merely seeks to enforce a claim inter partes, enforceable in a state court of general jurisdiction, federal diversity jurisdiction will be assumed.
 
 
 11
 McKibben v. Chubb, 840 F.2d 1525, 1529 (10th Cir.1988) (quoting Lamberg v. Callahan, 455 F.2d 1213, 1216 (2d Cir.1972)).
 
 
 12
 In 1977, Kansas probate courts were unified with the district courts. See Quinlan v. Leech, 623 P.2d 1365, 1368 (Kan.App.1981). When a probate proceeding is pending in a Kansas district court, that court is the proper forum for actions which would have been in the exclusive province of the probate court before the courts were unified. See id. Thus, the question of whether the federal district court has jurisdiction turns on whether a state court not hearing the probate proceeding would have jurisdiction over the same action.
 
 
 13
 The Kansas district court in which an action is pending may consider a revivor or substitution of parties motion upon the death of one of the parties even if it is not the court handling the probate. Livingston v. Bias, 640 P.2d 362, 364-65 (Kan.App.1982); Kan.Stat.Ann. Sec. 60-225(a)(1). We therefore conclude the district court had jurisdiction to determine whether the Estate was properly substituted as a party.
 
 
 14
 We agree with the district court that the Estate was properly substituted as a party and thus FDIC could maintain its action against the Estate. Parties wishing to maintain their claims against the estate of a deceased party must comply with the statutory prerequisites for substituting the estate as a party found in Kan.Stat.Ann. Secs. 59-2238(1), 58-2239(1), and 60-225(a)(1). First, one of the parties to the action must file a suggestion of death. Second, a motion for substitution must be filed within a reasonable time after the suggestion of death. Third, the moving party must serve a copy of the motion for substitution and a notice of the hearing to each party and the proposed substitute party. Finally, the substitution must be accomplished within four months of the first published notice to creditors.
 
 
 15
 These requirements were satisfied in this case. NSB's April 8, 1987 motion properly suggested the death of plaintiff. NSB also filed a motion for substitution of the Estate as a party at that time.
 
 
 16
 The Estate contends it was not served with a copy of the motion and notice of the hearing. The district court properly concluded NSB substantially complied with the service requirement of section 60-225(a)(1). The Kansas Code of Civil Procedure authorizes the use of the substantial compliance doctrine in reviewing the sufficiency of the service of notice "if the court finds that, notwithstanding some irregularity or omission, the party served was made aware that an action or proceeding was pending in a specified court in which his or her person, status or property were subject to being affected." Kan.Stat.Ann. Sec. 60-204. The affidavits of Friesen and Judge Lyle establish the fact that Friesen participated in the July 1, 1987 hearing. Based on this, the district court properly determined the Estate "was made aware" of that hearing. Friesen's argument that he was not representing the Estate at this hearing is contradicted by his activities on its behalf both before and after July 1, 1987. Friesen himself filed the motion to vacate the order dismissing the case. Further, the state district court records show Friesen was active in litigating this action both before and after plaintiff's death. The third prerequisite for substituting a party was satisfied in this case.
 
 
 17
 Finally, the district court correctly determined the substitution of the Estate as a party was accomplished prior to the four month deadline. Under the circumstances of this case, Judge Lyle's oral order at the July 1, 1987 hearing was sufficient to effectively substitute the Estate as a party prior to this deadline. The Estate's ability to defend this action was not prejudiced by the lack of a written order substituting it as a party. The Estate was aware of NSB's motion to substitute as early as April 8, 1987. Further, the affidavits of Judge Lyle and Friesen indicate Friesen was directed by the court to enter the written order substituting the Estate as a party. He cannot now use his failure to do so in a timely manner as a bar to effective substitution. We conclude the district court properly held the statutory prerequisites for substituting a party were satisfied in this case and thus FDIC could maintain its action against the Estate.
 
 
 18
 We agree with the district court that FDIC is entitled to summary judgment on the two notes executed by plaintiff under the Supreme Court's decision in Langley v. FDIC, 484 U.S. 86 (1987). In that case the Court held misrepresentations and oral conditions of the kind asserted by plaintiff in his petition and at his deposition are "agreements" within the meaning of 12 U.S.C. Sec. 1823(e). 484 U.S. at 91. The Estate thus cannot raise fraudulent inducement as a defense against FDIC's claim. FDIC's knowledge of this defense is irrelevant to the application of this section. Id. at 95.
 
 
 19
 On appeal, the Estate argues additional discovery may have allowed it to show fraud in the factum. Section 1823(e) does not prevent a party from raising this defense against a claim by FDIC. Id. at 93. This issue was not raised to the district court and therefore cannot be considered on appeal. See Mattingly, Inc. v. Beatrice Foods, Inc., 835 F.2d 1547, 1558 (10th Cir.1987).
 
 
 20
 Even if this issue had been raised properly in the trial court, this defense would not be successful in this case. Plaintiff testified in his deposition that he executed the notes involved, made interest payments, endorsed a cashier's check representing loan payments, and negotiated with the bank regarding who was responsible for repayment. There is no suggestion plaintiff did not have an opportunity to read the notes or was unable to determine their character and essential terms. See FDIC v. Culver, 640 F.Supp. 725, 728 (D.Kan.1986). Because no material issues remained, the district court properly concluded FDIC was entitled to summary judgment on the two notes executed by plaintiff. All pending motions in this case are granted. The order of the district court is AFFIRMED. The mandate shall issue forthwith.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3