No. 65,750

In the Matter of the Estate of GILBERT R. RAINS, Deceased.

(815 P.2d 61)

Opinion filed July 12, 1991.

*Mark W. McGrory*, of Morrison, Hecker, Curtis, Kuder & Parrish, of Overland Park, argued the cause, and *Susan G. Saidian*, of the same firm, of Wichita, was/with him on the briefs for appellant Federal Deposit Insurance Corporation.

*Edward G. Collister, Jr.,* of Collister & Kampschroeder, of Lawrence, argued the cause and was on the brief for appellee Estate of Gilbert R. Rains.

The opinion of the court was delivered by

MCFARLAND, J.: This is an appeal from the district court's denial of a petition for allowance of demand filed by the Federal Deposit Insurance Corporation (FDIC) against the Estate of Gilbert R. Rains, deceased. The basis of the claim is a federal court judgment entered against the Estate. The district court held that the FDIC had failed to prove its claim in that it had not followed either of the statutory methods for doing so.

The facts may be summarized as follows. In 1985, Gilbert R. Rains filed an action in the district court of Reno County against the Boulevard State Bank (BSB) and others. BSB filed a counterclaim therein seeking repayment of two loans made to Rains. In the early part of 1987, BSB failed and was taken over by FDIC, which was substituted as a party defendant on June 3, 1987. Meanwhile, on March 27, 1987, Gilbert R. Rains died. Probate proceedings were commenced on April 15, 1987, with the wife, Pauline Rains, being appointed executrix. On September 1, 1987, FDIC caused the action to be removed to the federal district court. A dispute arose as to whether or not FDIC had properly substituted the Estate for the deceased individual pursuant to K.S.A. 60-225(a)(1).

On May 3, 1988, the federal district court held in favor of FDIC both on the timeliness of the substitution and on the merits of the counterclaim. After various post-judgment motions, an entry of judgment was filed on January 10, 1990. On January 17, 1990, an *uncertified* copy of the judgment was filed in the Estate attached to a petition for allowance of demand. The Estate appealed the federal judgment to the Tenth Circuit Court of Appeals. The federal district court opinion is *Estate of Rains v. Federal Deposit Ins. Corp.*, 702 F. Supp. 1520 (D. Kan. 1988), and may be referred to if additional information on this aspect of the facts is desired.

On June 26, 1990, the Reno County District Court denied FDIC's petition for allowance of demand on the ground the claim had not been properly proved by either statutory method. Specifically, the court held: The petition for allowance was not filed within the time fixed by law (K.S.A. 1990 Supp. 59-2237 and K.S.A. 1990 Supp. 59-2239); nor was a certified copy of the judgment filed within 30 days of its entry pursuant to K.S.A. 59-2238. FDIC filed its notice of appeal therefrom on September 21, 1990 (filed within 30 days after the denial of its motion for reconsideration). On February 25, 1991, the Tenth Circuit affirmed the federal district court in an unpublished opinion (1991 WL 35375 [10th Cir. Kan.]). A certified copy of the Tenth Circuit opinion was filed in Reno County in the proceedings herein on March 4, 1991. On May 13, 1991, the Tenth Circuit denied the Estate's motion for rehearing and certified copies of the same

were filed in Reno County and with the Clerk of the Appellate Courts within 30 days of its entry. The Estate filed a motion before us to strike these filings relative to actions taken by the Tenth Circuit as being subsequent to and outside of the record herein. The motion was denied on June 17, 1991. For reasons to be hereinafter discussed, these filings are germane to the decision of the issues before us.

We turn now to the statutes relative to the exhibition of demands against an estate which provide, in pertinent part, as follows:

K.S.A. 1990 Supp. 59-2237(a):

. "Any person may exhibit a demand against the estate of a decedent by filing a petition for its allowance in the proper district court. Such demand shall be deemed duly exhibited from the date of the filing of the petition. The petition shall contain a statement of all offsets [to] which the estate is entitled. The person exhibiting the demand shall provide a copy of the demand, as filed, to the personal representative of the estate. The court shall from time to time as it deems advisable, and must at the request of the executor or administrator, or at the request of any creditor having exhibited demand, fix the time and place for the hearing of such demands. Notice of the time and place of the demand hearing shall be given in such manner and to such persons as the court shall direct."

K.S.A. 59-2238:

"(1) Any action pending against any person at the time of such person's death, which by law survives against the executor or administrator, shall be considered a demand legally exhibited against such estate from the time such action shall be revived. Such action shall be revived in the court in which it was pending and such court shall retain jurisdiction to try and determine said action.

"(2) Any action commenced against any executor or administrator after the death of the decedent shall be considered a demand legally exhibited against such estate from the time of serving the original process on such executor or administrator.

"(3) The judgment creditor shall file a certified copy of the judgment obtained in an action such as described in subsection (1) or (2) of this section in the proper district court within thirty (30) days after said judgment becomes final."

K.S.A. 1990 Supp. 59-2239(1):

"All demands, including demands of the state, against a decedent's estate, whether due or to become due, whether absolute or contingent, including any demand arising from or out of any statutory liability of decedent or on account of or arising from any liability as surety, guarantor or indemnitor,

and including the individual demands of executors and administrators, not exhibited as required by this act within four months after the date of the first published notice to creditors as herein provided, shall be forever barred from payment, except that the provisions of the testator's will requiring the payment of a demand exhibited later shall control. No creditor shall have any claim against or lien upon the property of a decedent other than liens existing at the date of the decedent's death, unless a petition is filed for the probate of the decedent's will pursuant to K.S.A. 59-2220 and amendments thereto or for the administration of the decedent's estate pursuant to K.S.A. 59-2219 and amendments thereto within six months after the death of the decedent and such creditor has exhibited the creditor's demand in the manner and within the time prescribed by this section, except as otherwise provided by this section."

K.S.A. 60-225(a)(1):

"If a party dies and the claim is not thereby extinguished, the court shall on motion order substitution of the proper parties. The motion for substitution may be made by any party or by the successors or representatives of the deceased party or by any party and, together with the notice of the hearing, shall be served on the parties as provided in K.S.A. 60-205, and upon persons not parties in the manner provided for the service of a summons. Unless the motion for substitution is made within a reasonable time after the death is suggested upon the record by service of a statement of the fact of the death as provided herein for the service of the motion, the action shall be dismissed as to the deceased party."

The federal district court decision (and the Tenth Circuit affirmance thereof) concerned, *inter alia*, some irregularities in the substitution of the Estate as a party. The two federal courts concluded these irregularities were primarily caused by the attorney for the Estate and held the substitution to be valid. What is the effect of this determination? As the federal district court properly stated:

"The party that wishes to maintain its claim against the estate of a deceased party must comply with several statutory steps. The litigant, like any other creditor of the estate, must make a demand against the estate. . . . The litigant makes the demand by reviving the cause of action. K.S.A. 58-2238(1). 'Substitution of parties and revivor of actions are different names for the same thing. The revivor of an action is in fact the substitution of new parties who have the right, under the substantive law, to go ahead with the prosecution or defense of the claim.' *Livingston v. Bias*, 7 Kan. App. 2d 287, 289, 640 P.2d 362 (1982)." 702 F. Supp. at 1522-23.

In view of the fact the Reno County District Court referred to the procedure set forth in K.S.A. 1990 Supp. 59-2237, some

comment needs to be made relative to that statute. It sets forth how a demand is to be exhibited where litigation thereon is not pending against the deceased and where no separate litigation is to be commenced against the estate. If litigation is involved, then the demand is exhibited against the estate by the means set forth in K.S.A. 59-2238. In the case before us, the demand was legally exhibited against the Estate by the revival of the action (substitution of the Estate). This aspect of the litigation has been finally determined by the federal action and there is no contention otherwise.

As previously noted, FDIC filed an *uncertified* copy of the federal district court judgment within 30 days of its entry. The Reno County District Court held this tantamount to no filing at all. On appeal, FDIC's primary position is that the federal district court judgment was not the final judgment contemplated by K.S.A. 59-2238(3) but, rather, the final judgment in the federal case was that of the Tenth Circuit. A certified copy of that judgment was filed within 30 days. Alternatively, FDIC argues that the uncertified copy of the federal district court decision satisfied the statutory requirements as: (1) the filing of a certified copy requirement is directory rather than mandatory; and (2) FDIC was in substantial compliance with the statute.

The only matter before us is, then, whether FDIC's actions herein have satisfied the requirement of K.S.A. 59-2238(3) that a certified copy of the final judgment in the federal action be filed in the probate proceeding in district court within 30 days after its entry.

Obviously, the first matter to be discussed is when the judgment in the federal case became final for the purposes of K.S.A. 59-2238(3). Initially, we need to look at the federal viewpoint on when federal judgments become final.

In *McDonald v. Schweiker*, 726 F.2d 311 (7th Cir. 1983), the issue concerned whether an award of attorney fees under the Equal Access to Justice Act (EAJA) (28 U.S.C. § 2412[d][1][B] [1982]), was untimely. The statute required the application be submitted "within thirty days of final judgment in the action." The application was not submitted within 30 days after the district court's decision, but was submitted within 30 days after the appeal had been finally determined. In deciding that "final judgment"

in the statute under examination meant after exhaustion of appellate proceedings, Judge Posner explained:

"The term 'final judgment,' which appears 151 times in the United States Code, does not have a single fixed meaning. Sometimes it denotes a judgment that disposes of the plaintiff's claim in the district court. See, e.g., Fed. R. Civ. P. 54(b); cf. 28 U.S.C. § 1291 ('final decisions'). But sometimes it denotes the judgment that writes *finis* to the entire litigation, after all appellate remedies have been either exhausted or, as here, abandoned. See, e.g., Clayton Act, § 5(a), 15 U.S.C. § 16(a). Context may disambiguate. Where the purpose of a statute or rule is to indicate what orders are appealable, as is true of Fed. R. Civ. P. 54(b) or 28 U.S.C. § 1291, finality must refer to the pre-appellate proceedings. But in a statute such as 46 U.S.C. § 748, which defines the circumstances under which the United States will pay admiralty claims, 'final judgment' must mean final after all appeals, for one cannot imagine the government being willing to pay before then (as we are about to see)." 726 F.2d at 313.

Judge Posner's view that the 30-day provision in EAJA was meant to establish a deadline, not a starting point, was subsequently ratified by the United States House Committee on the Judiciary in 1985 (28 U.S.C. § 2412[d][2][G] [1988]), which rejected a contrary view in *McQuiston v. Marsh*, 707 F.2d 1082 (9th Cir. 1983). See *Cervantez v. Sullivan*, 739 F. Supp. 517, 519 (E.D. Cal. 1990).

The reasoning of the *McDonald* case is applicable herein. The federal district court entered judgment against the Estate in excess of $250,000. The Estate appealed that determination to the Tenth Circuit. It would be highly unlikely that the Estate would be willing to pay the claim while the same was subject to modification by the Tenth Circuit. "Final judgment" would logically appear to be that which exists after all appellate remedies have been exhausted or the time therefor has expired.

"Final judgment" in Kansas courts, likewise, must have more than one meaning. In the context of appeals from district courts to appellate courts (K.S.A. 60-2101 *et seq.*), final orders or judgments refer to when the judgment or order has become final in the district court. Within the context of the Kansas Administrative Procedure Act (K.S.A. 77-501 *et seq.*), judicial review is permitted from final agency actions which requires exhaustion of administrative remedies (K.S.A. 77-607, 77-612), unless the same is interlocutory or some statute specifically permits judicial review

without such exhaustion of administrative remedies. See *W. S. Dickey Clay Mfg. Co. v. Kansas Corp. Comm'n*, 241 Kan. 744, 740 P.2d 585 (1987).

However, when "final judgment" is used away from appellate and judicial review procedures, a different pattern emerges. Kansas cases signal that a "final judgment" is considered "final" only after the expiration of the time established by law for the filing of an appeal, or after the time for filing and determination of post-judgment motions has expired. Ninety years ago we stated that "the judgment must be regarded as final after an expiration of the time in which an appeal is allowed by law." *Manley v. Park*, 62 Kan. 553, 564, 64 Pac. 28 (1901). We have since steadfastly adhered to that rule. *Neufeldt v. L. R. Foy Constr. Co.*, 236 Kan. 664, Syl. ¶ 1, 693 P.2d 1194 (1985). In *Traylor v. Wachter*, 3 Kan. App. 2d 536, 542, 598 P.2d 1061 (1979), *modified* 227 Kan. 221, 607 P.2d 1094 (1980), the Court of Appeals said, "[N]o judgment is final until the time for filing and determination of post-judgment motions and appeals has expired."

Kansas statutes support the theory that a final judgment pursuant to K.S.A. 59-2238(3) means after all appeals are taken. The Kansas Consumer Protection Act, K.S.A. 50-623 *et seq.*, defines "final judgment" as follows:

" 'Final judgment' means a judgment, including any supporting opinion, that determines the rights of the parties and concerning which appellate remedies have been exhausted or the time for appeal has expired." K.S.A. 50-624(d).

In the Kansas Uniform Enforcement of Foreign Judgments Act (UEFJA), K.S.A. 60-3001 *et seq.*, the enforceability of a judgment is affected by an appeal of the foreign judgment. K.S.A. 60-3001 defines foreign judgments as "any judgment, decree, or order of a court of the United States or of any other court which is entitled to full faith and credit in this state." Therefore, the judgment obtained by FDIC is enforceable under the UEFJA. The UEFJA provides:

"If the judgment debtor shows the district court that an appeal from the foreign judgment is pending or will be taken, or that a stay of execution has been granted, *the court shall stay enforcement of the foreign judgment until the appeal is concluded, the time for appeal expires*, or the stay of execution expires or is vacated, upon proof that the judgment debtor has

furnished the security for the satisfaction of the judgment required by the state in which it was rendered." K.S.A. 60-3004(a). (Emphasis supplied.)

K.S.A. 60-3004(a) permits the filing of foreign judgments which have been appealed or are subject to appeal, but stays enforcement thereof until the appeal is concluded, the time for appeal expires, or the stay of execution expires or is vacated.

K.S.A. 60-3004(a) does not require that the foreign judgment be a "final judgment" but stays enforcement until, in effect, it becomes final. Obviously, attempts to enforce a foreign judgment which is subject to modification would be a waste of everyone's time.

In the statute before us, K.S.A. 59-2238(3) requires the filing of a certified copy of the final federal judgment. The opinion of the Tenth Circuit affirming the federal district court certainly comes within the purview of the "final judgment" requirement of K.S.A. 59-2238(3).

We believe such construction is consistent with the purpose of K.S.A. 59-2238. The demand has already been exhibited against the Estate by the revival of the action. The filing of a certified copy of the final judgment triggers determination of the claim by the estate proceeding. Determination of the demand herein could not have been made until the federal action had concluded in its entirety.

The result we have reached places this appeal in a strange posture. The district court disallowed a demand because a certified copy of what we have determined was not the final judgment in the case was not filed within 30 days of its entry. While the appeal herein was pending, the federal judgment did become final and a certified copy thereof has been filed within the required 30-day period. Under the circumstances herein, we must reverse the judgment of the district court and remand the case for determination of the demand based upon the filing of the certified copy of the final judgment of the Tenth Circuit. As a result of our conclusions herein, the alternative issues on appeal are rendered moot and need not be determined.

The judgment of the district court is reversed and the case is remanded for further proceedings consistent with this opinion.