(108 P.3d 1012)

No. 91,458

LINDA D. HALE (now King), *Appellant*, v. EUGENE R. HALE, *Appellee*.

Opinion filed April 1, 2005.

*Randy M. Barker*, of Kansas Social and Rehabilitation Services, for appellant.

*Chad M. Crum*, of Cami R. Baker & Associates, P.A., of Augusta, for appellee.

Before MARQUARDT, P.J., MCANANY, J., and BRAZIL, S.J.:

MCANANY, J.: Kansas Social and Rehabilitation Services (SRS), Linda Hale's assignee of support rights, appeals the district court's decision to apply Kansas law and thereby reduce the amount of an unsatisfied Oklahoma judgment for child support. Because Oklahoma law rather than Kansas law applies to the calculation of the collectable amount of the unsatisfied judgment, we reverse and remand.

In 1986, the district court in Oklahoma granted a decree of divorce to Linda Hale and Eugene Hale. Their 5-year-old son was placed with Linda, and Eugene was ordered to pay child support of $250 per month. Eugene paid little or no child support until his son was emancipated in 1999.

In November 2000, the Oklahoma child support order was registered in Kansas under the Uniform Interstate Family Support Act (UIFSA), K.S.A. 23-9,101 *et seq.* At some prior unspecified time Linda had assigned her rights in the judgment to SRS. On June 28, 2002, the district court entered an order confirming the Oklahoma child support judgment and the arrearage of $35,790 principal plus accrued interest from November 2000.

Eugene moved for a rehearing with respect to the June 2002 order, which was granted. Following a rehearing the district court entered an amended order which applied the Kansas statute of limitation to the arrearage and reduced the judgment to $11,000 plus interest from November 2000. This appeal follows the district court's denial of SRS's motion to set aside this amended order.

While the parties have framed the issue as one of subject matter jurisdiction, the issue is not whether the district court had subject matter jurisdiction to modify a foreign child support order, but rather whether the district court properly interpreted the choice of law provision of UIFSA in applying Kansas law to the registration of this child support judgment. Resolution of this issue involves the interpretation of Kansas and Oklahoma statutes, matters over which our review is unlimited. See *Cooper v. Werholtz*, 277 Kan. 250, 252, 83 P.3d 1212 (2004).

K.S.A. 23-9,604, the UIFSA choice of law provision, reads as follows:

"(a) The law of the issuing state governs the nature, extent, amount and duration of current payments and other obligations of support and the payment of arrearages under the order.

"(b) In a proceeding for arrearages, the statute of limitation under the laws of this state or of the issuing state, whichever is longer, applies."

The duration of an enforceable judgment is normally controlled by our dormancy and revivor statutes, K.S.A. 2004 Supp. 60-2403 and K.S.A. 60-2404. These, however, are general statutes which are subservient to specific statutes. K.S.A. 23-9,604(b) is a statute specifically relating to arrearages and dormancy in UIFSA cases and, therefore, controls.

Although there are circumstances in which courts, and parties to a certain extent, may choose which state's law will apply in a given dispute, when the choice of law is dictated by statute, courts do not have the authority to contradict such mandates. See Bezek, *Conflict of Laws in Kansas: A Guide to Navigating the Dismal Swamp,* 71 J.K.B.A. 21 (September 2002).

K.S.A. 23-9,604(b) is a clear and unambiguous expression of the rules for determining which state's law will apply in calculating an enforceable child support arrearage. When a statute is clear and unambiguous, we give effect to the intention of the legislature as expressed. *Williamson v. City of Hays,* 275 Kan. 300, 305, 64 P.3d 364 (2003). We therefore put aside Eugene's arguments that address issues of public policy and apply the statute as written.

Under Kansas law, a child support arrearage becomes dormant after 5 years and becomes extinguishable after 7 years. See K.S.A. 2004 Supp. 60-2403(a)(1), (b)(1); K.S.A. 60-2404. However, there is no Oklahoma statute that renders unenforceable any portion of an unsatisfied judgment for child support. 12 Okla. St. Ann. § 95(A)(10) (2004) provides that "[c]ourt-ordered child support is . . . not subject to a statute of limitations." 43 Okla. St. Ann. § 137(B) (2001) provides that "[a] child support judgment shall not become dormant for any purpose, except that it shall cease to be a lien upon real property five (5) years from the date it is filed." 43 Okla. St. Ann. § 137(B)(1) (2001) provides that "[e]xcept as otherwise provided by court order, a judgment for past due child support shall be enforceable until paid in full." The plain language

of K.S.A. 23-9,604(b) required the district court to apply these provisions of Oklahoma law rather than Kansas law to this unsatisfied Oklahoma child support judgment. The district court erred in applying Kansas law and thereby reducing the amount of the unsatisfied judgment subject to execution.

Reversed and remanded with directions to reinstate the June 28, 2002, order confirming the unsatisfied Oklahoma child support judgment.