(222 P.3d 523)
No. 100,838

MARK HANKIN, *Appellant*, v. GRAPHIC TECHNOLOGY, INC., *Appellee*.

Opinion filed January 8, 2010.

*J. Eugene Balloun, David A. Rameden,* and *Bill J. Hays,* of Shook, Hardy & Bacon L.L.P., of Kansas City, Missouri, for appellant.

*Mark A. Ferguson* and *Jehan Kamil,* of Lathrop & Gage LLP, of Overland Park, for appellee.

Before RULON, C.J., GREENE, J., and LARSON, S.J.

LARSON, J.: This appeal involves the complexity that arises between the state courts of Pennsylvania and Kansas in dealing with a Pennsylvania judgment registered in Kansas under the Full Faith and Credit Clause of the United States Constitution, U.S. Const. art. IV, § 1, and utilizing the Uniform Enforcement of Foreign Judgment Act (KUEFJA), enacted in Kansas at K.S.A. 60-3001 *et seq.*

Mark Hankin utilized the KUEFJA to register a judgment in Johnson County District Court that he obtained against Graphic Technology, Inc. (GTI), in the Montgomery County, Pennsylvania, Court of Common Pleas in the amount of $184,433.88, plus interest and costs.

The Pennsylvania judgment was based on a "cognovit clause" in a real estate lease, a contractual provision by which a debtor agrees to the jurisdiction of certain courts, waives notice requirements, and authorizes the entry of an adverse judgment in the event of a default or breach.

Several weeks after registering the judgment in Kansas, Hankin garnished U.S. Bank which filed an answer admitting it had possession of funds belonging to GTI in the amount of the judgment. GTI opposed the Kansas garnishment, and at an earlier time in Pennsylvania, sought to strike or open the Pennsylvania judgment. The Kansas district court initially gave full faith and credit to the Pennsylvania judgment, stayed the Kansas action pending further proceedings in Pennsylvania, and ordered the garnished funds to be held in trust by the Clerk of the Johnson County District Court.

Some 6 months later, the Pennsylvania court "opened" the Pennsylvania judgment. Subsequently, based on GTI's motion in Kansas, the Johnson County District Court issued orders which appear to have applied Kansas law to the Pennsylvania judgment, vacated its registration in Kansas, and ordered the garnished funds to be released to GTI. After Hankin moved to reconsider, the district court modified its order requiring the funds to be held for 1 year pending appeal and required Hankin to post a cash bond of $60,000. The Johnson County District Court also refused to grant Hankin any relief under an appealed and stayed Pennsylvania order issued at the same time the Kansas motions were being considered.

Hankin now appeals the Johnson County District Court orders.

## FACTUAL AND PROCEDURAL BACKGROUND

With events taking place in both Pennsylvania and Kansas, a time line will be utilized to summarize the facts and actions taken in the various legal proceedings.

In 1998, Hankin leased commercial real estate to GTI in the City of Hatboro, Pennsylvania. GTI is a Missouri corporation that conducted business at 301 Gardner Drive, New Century, Kansas.

November 2004—Vestcom New Century LLC (Vestcom) purchased the assets of GTI. Hankin as lessor, GTI as lessee/assignor, and Vestcom as assignee, entered into an assignment and assumption agreement of the real estate lease. The agreement contained a cognovits clause, and GTI remained legally responsible for performance under the lease.

April 2006—Vestcom notified Hankin it was vacating the property and prematurely terminating the lease as of October 31, 2006. On July 19, 2006, GTI ceased doing business in Pennsylvania.

December 13, 2006—Hankin filed a complaint on confession of judgment against GTI in Montgomery County, Pennsylvania, Court of Common Pleas with an affidavit of default and notice to be mailed to GTI. Two days later on December 15, 2006, judgment was granted to Hankin against GTI by confession for damages of $184,433.88, plus interest.

January 22, 2007—GTI filed a petition to strike or open the confessed judgment in the Pennsylvania court. On February 12, 2007, Hankin filed a response.

May 25, 2007—An affidavit with attached Pennsylvania judgment was filed in Johnson County District Court. On June 6, 2007, Johnson County Clerk sent notice to GTI of registration, with notice being sent to the business address which was the last recorded address at the Pennsylvania Secretary of State. On June 7, 2007, the Pennsylvania judgment was registered in Kansas as a judgment.

June 26, 2007—Hankin issued a request for garnishment to U.S. Bank in Overland Park, Kansas, for any funds held by the bank for GTI up to $184,443.88. The order of garnishment was served on June 27, 2007. The same day, U.S. Bank signed an answer of garnishee admitting it held $184,433.88 of GTI funds. The answer was filed July 2, 2007.

July 5, 2007—The Pennsylvania court granted GTI's petition to stay execution of any pending or future executions on the confessed judgment pending further order of the court.

July 10, 2007, a hearing was held in Johnson County District Court on GTI's challenge to registration of the Pennsylvania judgment. The court ruled: (1) The court will enforce judgment from Pennsylvania; (2) the stay of execution will not be lifted until further order of the court; and (3) the money garnished is to be paid in to the clerk's office. The next hearing was August 17, 2007.

July 19, 2007—GTI filed a memorandum of law in support of the defendant's petition to strike or in the alternative, to open the confessed judgment in the Pennsylvania court. This document was attached as Exhibit C to an August 17, 2007, motion GTI filed in Johnson County District Court.

July 27, 2007—The journal entry on the July 10, 2007, hearing was filed. The court denied the request to vacate the foreign judgment finding it was properly registered as a foreign judgment and is entitled to full faith and credit. The court noted the Pennsylvania order dated July 5, 2007, staying all execution proceedings pending further order of the court. The court, pursuant to K.S.A. 60-3004(a) stayed the execution of the Kansas judgment pending further order of the court. The court ordered U.S. Bank, as garnishee, to immediately pay the proceeds of $184,443.88 to the Office of the Johnson County District Court Clerk where it was to be held in trust.

August 17, 2007, a status conference hearing was held. GTI filed a motion in Johnson County District Court requesting immediate release of the funds, discharge of the garnishment, and vacation of the foreign judgment. GTI's motion was denied at this time. On November 5, 2007, the Kansas court ordered the stay to be continued pending resolution of the appeal in Pennsylvania.

January 8, 2008—The Pennsylvania trial court ordered that GTI's motion to strike, or in the alternative, to open the confessed judgment was granted, holding: "The confessed judgment is opened."

March 26, 2008—GTI filed a second motion to strike and vacate the foreign judgment and for release of the garnished funds citing the January 8, 2008, Pennsylvania order to open the confessed judgment, contending this effectively nullified the Pennsylvania judgment and arguing it was no longer entitled to full faith and

credit in Kansas. On April 7, 2008, Hankin responded and opposed GTI's Kansas motion to strike, pointing out the difference under Pennsylvania law between opening a confessed Pennsylvania judgment and striking a Pennsylvania judgment. A hearing was held on GTI's motion to strike and vacate the judgment on April 25, 2008. The court's ruling was set forth in a journal entry.

April 30, 2008—The Montgomery County, Pennsylvania, Court of Common Pleas issued an order directing GTI to take all necessary action to get the Johnson County District Court to transfer $184,443.88 to the Pennsylvania court and if it failed to comply with the order, a final judgment was to be entered against GTI. On May 2, 2008, GTI filed a notice of appeal in Pennsylvania from this decision.

May 2, 2008—A hearing was held to settle the journal entry on the Kansas April 25, 2008, hearing. The Johnson County District Court was presented with a copy of the Pennsylvania court order dated April 30, 2008, directing GTI to take the necessary steps to transfer the funds held in Kansas to Pennsylvania.

May 5, 2008—The Pennsylvania Superior Court (its intermediate appellate court) issued an immediate and then indefinite stay of the lower court's April 30, 2008, order.

May 6, 2008—Hankin filed a motion requesting the court reconsider its order to release and pay out funds. GTI responded on May 7, 2008.

May 7, 2008—The motion to reconsider was argued. The court approved the journal entry from the April 25, 2008, hearing on GTI's motion to strike. The journal entry on the court's April 25, 2008, hearing, stated that based on the Pennsylvania January 8, 2008, order opening the judgment there is no longer a Pennsylvania judgment which is entitled to full faith and credit in Kansas. The court further found that the Pennsylvania statutory provision (Pa. Cons. Stat. Ann. tit. 42 § 2959[f] [Purdon 2002]) which permitted a lien of attachment or any execution ·issued on it by a judgment creditor to be maintained after a judgment had been opened, constituted a prejudgment attachment not in compliance with K.S.A. 60-701 *et seq*. The journal entry of judgment further specifically stated:

"6. Allowing Pennsylvania to open a confessed judgment, and allowing that opened confessed judgment to be registered as a foreign judgment in the State of Kansas is, in effect, giving the Pennsylvania lien a super judgment status that is not recognized in Kansas.

"7. Pursuant to K.S.A. § 60-260(b)(5), the Court finds that the prior confessed judgment which formed the basis for being registered in the State of Kansas is no longer a valid foreign judgment.

"8. Pursuant to K.S.A. § 60-260(b)(6), given the current status of the prior confessed judgment, it is not appropriate for the Johnson County District Court to hold the funds when the PA Action is proceeding de novo. As such, it is no longer equitable to allow the foreign judgment to stand and it is immediately stricken and vacated.

"9. Therefore, the foreign judgment in this case shall be immediately stricken and vacated."

The garnished funds held by the Kansas court were ordered released to GTI.

The May 2, 2008, journal entry was supplemented, modified, altered, and amended as the result of Hankin's motion to reconsider to provide that an appeal by either party operates as a stay and the garnished funds were to continue to be held until noon on May 8, 2009. Further, Hankin was ordered to pay a cash bond of $60,000 to the Clerk of the Johnson County District Court as security for any losses GTI might suffer from loss of use of the garnished funds. On May 9, 2008, Hankin deposited $60,000 surety with the Kansas district court. On June 4, 2008, the journal entry modifying the May 2, 2008, order was filed. ·

On July 1, 2008, Hankin appealed.

The record reflected a hearing held May 1, 2009, wherein the Kansas stay as to the release of funds was continued pending final resolution of the pending appeal.

No proper action has been taken to supplement the record, and the filing of August 24, 2009, plus the filings made just prior to oral argument are deemed to be improper under Supreme Court Rule 6.09(b) (2008 Kan. Ct. R. Annot. 47).

### ARGUMENTS AND ANALYSIS

*Did the district court err in vacating the registration of the Pennsylvania judgment because a Pennsylvania court "opened" the confessed judgment?*

The primary issue in this appeal is whether the Johnson County

District Court correctly vacated the Pennsylvania judgment. The court had recognized the judgment in July 2007 as being entitled to full faith and credit in Kansas under the KUEFJA, but, subsequently, in May 2008, after the judgment was "opened" by a Pennsylvania court, found it not to be entitled to Kansas recognition. The garnishment issued thereon was found to be improper as a prejudgment attachment under Kansas law.

GTI's assertion of substantial competent evidence to support the district court's ultimate conclusion is not the basis for our standard of review. The resolution of our issue involves the question of whether a Pennsylvania judgment is entitled to full faith and credit by a Kansas court, and it is a legal issue entitled to unlimited review. *Brenner v. Oppenheimer & Co.*, 273 Kan. 525, Syl. ¶ 3, 44 P.3d 364 (2002). Further, the points raised require interpretation of the KUEFJA and Pennsylvania statutes which are also questions of law subject to unlimited or de novo review by an appellate court. *Hale v. Hale*, 33 Kan. App. 2d 769, 770, 108 P.3d 1012 (2005). Finally, we have questions as to which state law applies and whether the state law has been properly interpreted which are questions of law subject to our unlimited review. *Resolution Trust Corp. v. Atchity*, 259 Kan. 584, Syl. ¶ 2, 913 P.2d 162 (1996).

While there are procedural reasons to require the garnished funds to be held by the Johnson County District Court until a final Pennsylvania judgment is reached, *i.e.*, one not subject to any further appeal, the premise to our reversal of the district court is based on decisions such as *Johnson Brothers Wholesale Liquor Co. v. Clemmons*, 233 Kan. 405, Syl. ¶ 3, 661 P.2d 1242 (1983), which holds: "In an action on a foreign judgment, its nature, validity, and finality are to be tested by the law of the jurisdiction where the judgment was rendered."

This same rule was similarly stated in *Tanner v. Hancock*, 5 Kan. App. 2d 558, 561, 619 P.2d 1177 (1980), where the application of the KUEJA to the full faith and credit obligation was stated as follows:

" '[A] properly authenticated judgment rendered by a court of one state is, under the full faith and credit clause of the United States Constitution, Article 4,

Section 1, entitled in the courts of another state to the force, the effect, and the full faith and credit it has by law in the state where the judgment was rendered.' "

It is therefore necessary that we look to the laws of Pennsylvania to determine whether the judgment in question must continue to be recognized and given effect in Kansas while GTI attempts to "open" it in Pennsylvania.

GTI admits in its brief that Pennsylvania recognizes "confessed judgments" but ignores the legal distinction between "opened" and "stricken" judgments in concluding the opened judgment may retain its lien but is only entitled to prejudgment attachment status under Kansas law requiring the garnishment to be released. We do not agree with this conclusion and look to Pennsylvania law to justify our decision.

While the procedure of allowing judgments by confession is not recognized in Kansas and most other states, it is a well-established procedure in Pennsylvania and also Alaska, Arizona, the District of Columbia, Ohio, and New York. See Pa. Cons. Stat. Ann. tit. 42 §§ 2950-2967 (Purdon 2002) (Confession of Judgment for Money). As stated in *Swarb v. Lennox*, 405 U.S. 191, 193, 31 L. Ed. 2d 138, 92 S. Ct. 767 (1972), "The cognovit system is firmly entrenched in Pennsylvania and has long been in effect there."

Moreover, the United States Supreme Court has held that cognovit clauses are constitutional if the waivers of notice and a hearing are voluntarily, intelligently, and knowingly made. *D.H. Overmyer Co. v. Frick Co.*, 405 U.S. 174, 187, 31 L. Ed. 2d 124, 92 S. Ct. 775 (1972) (reviewing cognovit clauses under Ohio law). *Swarb v. Lennox* was decided along with *Overmyer* as a civil rights action filed by Pennsylvania citizens challenging Pennsylvania's confession of judgment procedures.

A Pennsylvania judgment rendered by confession is entitled to the same full faith and credit as any other judgment. *Delahanty v. First Pennsylvania Bk., N.A.*, 318 Pa. Super. 90, 139-40, 464 A.2d 1243 (1983); *Schlossberg v. Citizens Bank*, 341 Md. 650, 655, 672 A.2d 625 (1996). Although a judgment by confession is subject to being vacated, opened, or modified, it is essentially a final judgment entitled to recognition the same as other judgments. *Boyce v. Plitt*, 274 Md. 333, 335 A.2d 101 (1975).

Pennsylvania has consistently noted that a meaningful difference exists between a confessed judgment which is opened and a confessed judgment which is stricken. Under longstanding Pennsylvania law, an opened confession of judgment remains a judgment until it is tried on its merits. *Adams v. James L. Leeds Co.*, 189 Pa. 544, 547, 42 A. 195 (1899) (holding the lower court properly opened the confessed judgment but erred in setting aside the executions and the attachments, stated: "[Plaintiff] is fairly entitled to this security pending the proceedings upon the opened judgment, unless security equivalent to it and approved by the court is substituted for it."); *Markofski et ux. v. Yanks*, 297 Pa. 74, 78, 146 A. 569 (1929) ("the court may undoubtedly authorize an execution to issue on an opened judgment"); *Rochester Mach. Corp. v. Mulach Steel Corp.*, 287 Pa. Super. 270, 286-87, 430 A.2d 280 (1981) ("the judgment does remain effective even after it has been opened unless it is struck by order of the court"), *rev'd on other grounds* 498 Pa. 545, 449 A.2d 1366 (1982); *Continental Bank v. Frank*, 343 Pa. Super. 477, 485-86, 495 A.2d 565 (1985) (entry of a discovery order because a petition to open was viewed as meritorious has no impact on execution on the judgment).

*Macioce v. Glinatsis*, 361 Pa. Super. 222, 225-27, 552 A.2d 94 (1987), is based in part on the specific language of Pa. Cons. Stat. Ann. tit. 42 § 2959(f) (Purdon 2000) which provides that "[t]he lien of the judgment or of any levy or attachment shall be preserved while the proceedings to strike off or open the judgment are pending" but also contains cites to additional Pennsylvania cases with the same holdings. The *Macioce* opinion stated:

> "However, the mere filing of a petition to open or strike a judgment does not affect the lien of the judgment or of any execution, subject, of course, to the power of the court to stay execution pending decision on that petition. Subdivision (f) has been added to Rule 2959 to restate this principle." 361 Pa. Super. at 226.

A similar discussion is found in *Hagel v. United Lawn Mower Sales & Serv.*, 439 Pa. Super. 35, 40, 653 A.2d 17 (1995), where it was held that it was improper for a trial court to have released attached funds seized based on a confessed judgment when the judgment is opened. The *Hagel* opinion headnote (6) stated: "Any

release of specific property from levy must be premised upon filing of bond or security approved by court in amount based upon lesser of either value of property or amount of judgment, interest, and probable costs. Rules Civ. Proc., Rule 3119(1), 42 Pa. C.S.A."

The present status of Pennsylvania law is clear, and under our decision in *Johnson Brothers*, 233 Kan. 405, Syl. ¶ 3, which we have previously set forth, the district court failed to follow and apply the Pennsylvania procedural rules and court decisions and must be reversed on this issue.

What we have said above effectively decides this issue, but we will comment briefly on other arguments of the parties.

GTI initially attacked the registration and the Pennsylvania judgment in 2007, and it did raise the type of issues that can be raised in the registering court to challenge a facially valid sister state judgment. The registering court cannot reconsider the merits of the case, but may only inquire into the defenses of lack of subject matter or personal jurisdiction, or fraud in the procurement of the judgment, unless those issues were addressed by the rendering court. See *Grynberg v. Shaffer*, 216 Ariz. 256, 260, 165 P.2d 234 (2007); *Firstar Bank Milwaukee, NA v. Cole*, 287 Ill. App. 3d 381, 383, 678 N.E.2d 668 (1997); *Crist v. Hunan Palace, Inc.*, 277 Kan. 706, 718, 89 P.3d 573 (2004).

GTI challenged the Pennsylvania court's personal jurisdiction over it in the court below. The challenge was based on the fact GTI was no longer doing business in Pennsylvania at the time the confession of judgment was filed. GTI, however, does not dispute that it was doing business in Pennsylvania in November 2004, including leasing property, and when it signed the assignment and assumption agreement with Hankin which contained the cognovit clause. Clearly, entering into a contract with a Pennsylvania resident to lease Pennsylvania property, or transferring the lease to a third party while guaranteeing the third party's performance, is sufficient action to avail oneself of the benefits of Pennsylvania law to satisfy both Pennsylvania's long-arm statute and satisfy due process concerns in a suit arising from that contract. See *Kubik v. Letteri*, 532 Pa. 10, 20, 614 A.2d 1110 (1992) (nonresident individual who entered into contract for sale of residential property had

sufficient minimum contacts with Pennsylvania to be sued in that state under due process standards).

The district court erred in ruling that the ongoing proceedings in Pennsylvania can justify vacating the validly registered Kansas judgment. However, the KUEFJA does provide that a judgment filed under the KUEFJA "is subject to the same procedures, defenses and proceedings as a judgment of a district court of this state . . . ." K.S.A. 60-3002. Our Supreme Court has implicitly indicated that relief may be sought under K.S.A. 60-260(b) from a registered judgment. See *Resolution Trust Corp. v. Atchity*, 259 Kan. 584, 913 P.2d 162 (1996) (district court improperly set aside Illinois judgment based on Missouri foreclosure proceeding; any motion for relief for inequity under 60-260[b][5] had to be based on Missouri law as to whether foreclosure resulted in a fair price for the property).

The decision by the district court vacating the registration in our case was based on K.S.A. 60-260(b)(5) (the judgment has been satisfied, released, or discharged or a prior judgment was vacated or reversed) and K.S.A. 60-260(b)(6) (any other reason justifying relief). However, the Johnson County District Court erred in granting relief under either section. The ruling was based on an erroneous understanding of the effect of opening a confessed judgment under Pennsylvania law. The district court here made the same error as the trial court in *Atchity*; it used Kansas law as the measuring stick to determine the status of the judgment rather than Pennsylvania law. *Atchity*, 259 Kan. at 593. Although the opening of the judgment permits the parties to litigate the merits of the case, the judgment remains in effect until a verdict is rendered and any appeal is exhausted.

It is not an issue in our appeal, but we note that while the Kansas Supreme Court in *Atchity* did refer to K.S.A. 60-260 in dealing with foreign judgments, other jurisdictions have held the use of statutes similar to 60-260 to be unconstitutional under the Full Faith and Credit Clause because it impermissibly permits modification of foreign judgments. See *Grynberg v. Shaffer*, 216 Ariz. 256, 258-59, 165 P.3d 234 (2007); *United Bank of Skyline v. Fales*, 395 N.W.2d 131, 133 (Minn. App. 1986); *Data Management Sys-*

*tems, Inc. v. EDP Corp.*, 709 P.2d 377, 381 (Utah 1985) (K.S.A. 60-3007 specifically directs that the KUEFJA be interpreted and construed to effectuate its general purpose to make it uniform with the other states which enact it).

Significantly in this case, the Kansas court has not received any judgment vacating, reversing, or striking the initially recognized judgment. The Pennsylvania order opening the judgment is an interlocutory, nonappealable order under Pennsylvania law. See *Joseph Palermo Dev. v. Bowers*, 388 Pa. Super. 49, 52, 564 A.2d 996 (1989) (an order opening a confessed judgment is interlocutory and nonappealable). As an interlocutory order, it has no res judicata effect, does not vacate or reverse the prior judgment, and is not entitled to full faith and credit. This is another reason the Johnson County District Court acted incorrectly in giving the Pennsylvania court order of January 8, 2008, opening the Pennsylvania judgment credit which it was not due and significance well beyond what it was entitled to under Pennsylvania law.

The Johnson County District Court also expressed concern that permitting the Kansas garnishment to stand on the Pennsylvania opened judgment of confession was contrary to Kansas prejudgment procedures and contrary to Kansas law. However, there is no "public policy" exception to the Full Faith and Credit Clause as it applies to judgments. *Baker v. General Motors Corp.*, 522 U.S. 222, 230, 139 L. Ed. 2d 580, 118 S. Ct. 657 (1998). A judgment of a sister state is entitled to full faith and credit even where the procedure of the forum state differs from the sister state. 30 Am. Jur. 2d, Executions and Enforcement of Judgments § 721 (2005). While the various states may use public policy to determine which statutory or common law to apply, *i.e., Brenner v. Oppenheimer & Co.*, 273 Kan. at 540, the Full Faith and Credit Clause requires each state to recognize *judgments* even if those judgments are hostile to the state's policies. *Baker*, 522 U.S. at 233-34.

A foreign judgment may be registered in Kansas and need not be a final judgment in order to be given full faith and credit. In *In re Estate of Rains*, 249 Kan. 178, 185, 815 P.2d 61 (1991), the district court held that a demand filed against an estate by the FDIC was ineffective because the FDIC had failed to follow K.S.A.

59-2238(3) by not filing a copy of the final federal judgment within 30 days of its entry. 249 Kan. at 179-80.

Our Kansas Supreme Court, in an opinion by then Justice, later Chief Justice, McFarland reversed, and in an instructive opinion, examined in detail the different applications of the concept of a "final judgment" as used in several Kansas statutes, including the KUEFJA. The *Rains* opinion quoted the following KUEFJA language:

> "If the judgment debtor shows the district court that an appeal from the foreign judgment is pending or will be taken, or that a stay of execution has been granted, *the court shall stay enforcement of the foreign judgment until the appeal is concluded, the time for appeal expires*, or the stay of execution expires or is vacated, upon proof that the judgment debtor has furnished the security for the satisfaction of the judgment required by the state in which it was rendered." (Emphasis added.) K.S.A. 60-3004(a).

The opinion further states: "K.S.A. 60-3004(a) does not require that the foreign judgment be a 'final judgment' but stays enforcement until, in effect, it becomes final." *Rains*, 249 Kan. at 184-85. The same standards and rule must be applied to·the opened Pennsylvania judgment in our case.

It was not raised as an issue in our appeal nor was it briefed by the parties, and it is not in any way the basis for the result we reach in this appeal. But, there may also be a valid argument that could be made that when the Johnson County District Court order dated July 27, 2007, recognizing and giving effect to the Pennsylvania judgment and Kansas garnishment was not timely appealed or cross-appealed by GTI, it became final and binding. See *Cooke v. Gillespie*, 285 Kan. 748, 755-58, 176 P.3d 144 (2008); see also Oliver, *Education of Attorneys on Appeal and/or Cross-Appeal*, 78 J.K.B.A. 20, 20-26 (Mar. 2009). Because GTI was constantly attacking the garnishment with ultimate success below and the several stays that had been issued, we do not choose to consider this possible issue as being dispositive.

While the underlying facts are completely distinguishable, after argument and while this opinion was being prepared, our Supreme Court handed down *Padron v. Lopez*, 289 Kan. 1089, 220 P.3d 345 (2009). The central ruling was that an ex parte temporary injunc-

tion from Florida is not subject to enforcement under the KU-EFJA. However, the language we have previously set forth herein from K.S.A. 60-3004(a) was utilized with approval in Syl. ¶ 6 and it was additionally stated:

"Further, the party seeking to prevent enforcement of the foreign judgment has the burden of establishing either the lack of jurisdiction or fraud underlying the foreign judgment. *Brockman Equipment Leasing, Inc. v. Zollar*, 3 Kan. App. 2d 477, 482, 596 P.2d 827 (1979) (' "The burden of undermining the verity which [foreign] decrees import rests heavily upon the assailant." *Williams v. North Carolina*, 325 U.S. 226, 233-34, 89 L. Ed. 1577, 65 S. Ct. 1092 [1945].')" Padron, 289 Kan. at 1099.

We are confident that the result we reach is consistent with *Padron*.

We have considered all of GTI's arguments and find and hold that none justify the relief GTI requested in its 2008 motions and which were granted by the district court. We rule in favor of Hankin for all of the reasons set forth in this opinion on its first issue on appeal, reverse the district court's rulings thereon, and return this matter to the district court with instructions as set forth in our concluding summary.

Hankin raises three additional issues on appeal: (1) Did the district court err by failing to give full faith and credit to the April 30, 2008, order in the Pennsylvania action? (2) Did the district court err by failing to stay the Kansas action until conclusion of GTI's appeal of the April 30 order? and (3) Did the district court err by not requiring GTI to post a bond as required by Pennsylvania law as a condition of imposing a stay of proceedings until the conclusion of GTI's appeal of the April 30, 2008, order?

Each of Hankin's arguments is based on an appealed and stayed order dated April 30, 2008, from the Pennsylvania Court of Common Pleas which granted the following relief to Hankin:

"(A) With respect to the garnished funds in the amount of $184,443.88, presently being held by the Johnson County (Kansas) District Court Clerk in the matter of *Hankin v. Graphic Technology, Inc.* (Case no. 07-CV-4206, Division No. 14 K.S.A. Chapter 60), on or before May 5, 2008, the Defendant is directed to instruct or take such other action as may be necessary for the Johnson County (Kansas) District Court to transfer and/or commence transfer of the $184,443.88, to the Prothonotary of the Court of Common Pleas for Montgomery County, Pennsylvania, where said funds are to be held until such time as this Court directs;

"(B)   If the Defendant fails to fully comply with this Order on or before May 5, 2008, final judgment shall be entered in favor of the Plaintiff and against the Defendant for the sum of $184,443.88, automatically and without further Order, with this Order acting as a Final Order and Judgment disposing of all matters pending before the Court, and the $184,443.88 may be paid directly to Plaintiff on account of the Judgment, and

"(C)   A ruling on the issue of contempt and counsel fees is deferred pending compliance with this Order."

The record presented to us shows the April 30, 2008, order was appealed by GTI the day it was entered and was stayed by the Superior Court of Pennsylvania on May 5, 2008.

Hankin appears to argue that the "trigger" language of the April 30, 2008, order (final judgment to GTI if it does not cause the funds held by the Kansas court to be transferred to Pennsylvania) constitutes a judgment against GTI which is entitled to full faith and credit in Kansas. We do not agree.

Again, whether a judgment is entitled to full faith and credit is a question of law which is subject to unlimited review. *Brenner v. Oppenheimer & Co.*, 273 Kan. 525, Syl. ¶ 3.

We will not grant any relief to Hankin based on the April 30, 2008, Pennsylvania judgment for several reasons.

In our view, once the Pennsylvania Court ruled on January 8, 2008, that the $184,433.88 judgment should be "opened," the Pennsylvania Court became obligated to try on the merits the issues raised by GTI and Hankin's defenses thereto and determine as expeditiously as possible the relief, if any, that GTI was entitled to receive.

While the opened judgment was being litigated to finality in Pennsylvania, the Johnson County District Court in Kansas was obligated to hold the garnished funds pending the outcome of the Pennsylvania litigation. Kansas should not release the funds to either Hankin or GTI nor should the Johnson County District Court have taken any action as the result of the January 8, 2008, Pennsylvania ruling.

Unfortunately and possibly understandably, neither GTI nor Hankin, nor the Kansas and Pennsylvania courts took the correct and proper action.

GTI renewed its attack on the previous rulings in Kansas, armed with a new argument that the Pennsylvania judgment had been sufficiently changed so that it was no longer entitled to full faith and credit in Kansas. As we have earlier held in this opinion, GTI's motion should have been denied and the status quo should have been maintained. This would have forced GTI and Hankin to litigate their Pennsylvania issues to finality.

Unfortunately, when it became apparent at the April 25, 2008, hearing in Kansas that the Johnson County District Court was going to grant GTI relief, Hankin counter attacked in Pennsylvania. Hankin apparently convinced the Pennsylvania trial court that Kansas courts were not to be trusted and the money in issue would only be safe if it was under the direct control of the Pennsylvania court.

The April 30, 2008, order was the result of Hankin's actions. Under this order, GTI had the Hobson's choice of either consenting for the money to be transferred to Pennsylvania or suffering finality to the judgment against it and possibly be held in contempt and suffer attorney fees as well.

This April 30, 2008, order is not entitled to full faith and credit in Kansas in the first instance because while it attempts to effect a judgment which we have registered under the KUEFJA, the order is on appeal and its effect has been stayed by a Pennsylvania appellate court. We recognize that stay as the valid action of a sister state and will take no action while it is in effect.

A second reason for our refusal to give effect to the April 30, 2008, order is that while it may have said it was a "final order and judgment disposing of all matters pending before the court," it shows on its face that it is not a final judgment, additional matters were left undecided, and it attempted to obtain funds from a Kansas court over which it has no jurisdiction.

In addition to other reasons given, there is still in effect in Pennsylvania a valid agreed stay order issued on July 5, 2007, which provided "all execution proceedings, including pending and future execution on the Confessed Judgment entered herein, are hereby stayed pending further Order of Court." This order has been recognized in Kansas and should have been a factor considered by the

Johnson County District Court when it issued its erroneous rulings in April and May 2008, which we have in this decision reversed.

This April 30, 2008, order does not involve a separate "judgment" which would require that the procedure under the KUEFJA be followed. Nor would it have aided Hankin to file a separate action as is allowed by K.S.A. 60-3006. See *Johnson Brothers*, 233 Kan. at 407. But, presenting the order to the Johnson County District Court while Kansas motions were being presented and decided does not entitle Hankin to any relief under the KUEFJA and specifically did not entitle him to additional relief under K.S.A. 60-3004(a) or require GTI to post a bond under Pennsylvania law.

Finally, Hankin's counsel, through a purported letter of supplemental authority dated August 20, 2009, attempted to advise the court that the Pennsylvania Court has recently issued an order concerning the April 30, 2008, order. Supreme Court Rule 6.09(b) (2009 Kan. Ct. R. Annot. 47). The rule cannot be used to raise new issues or present new factual information. See *State v. Houston*, 289 Kan. 252, Syl. ¶ 13, 213 P.3d 728 (2009). Instead, the appropriate procedure would be to file a motion to add to the record on appeal under Supreme Court Rule 3.01 (2009 Kan. Ct. R. Annot. 22) which would give GTI an opportunity to respond to the motion.

It was announced to the parties at oral argument that the court would not consider any documents which were not properly a part of the record on appeal. It is clear to us that no relief is presently available to Hankin in Kansas based on the April 30, 2008, Pennsylvania order. The three requests by Hankin based thereon were correctly denied by the trial court, and its ruling thereon must be affirmed.

In summary, under the facts properly in the record, GTI has attempted to litigate the merits postjudgment from the lawful registration in Kansas of the Pennsylvania judgment and the proper garnishment thereon. As soon as GTI obtained a stay in Pennsylvania (after the Kansas garnishment was complete), the Johnson County District Court originally correctly stayed enforcement here as is required by K.S.A. 60-3004.

Since the Kansas garnishment had been completed before the Pennsylvania stay was obtained, the Johnson County District Court

properly ordered the garnished funds to be held with the clerk of the court. As far as the record discloses, the Pennsylvania order originally staying executions is still pending. Therefore, the Johnson County District Court is obligated to stay all proceedings until the Pennsylvania stay of execution expires or is vacated, the Pennsylvania judgment becomes final, and the record thereof is properly presented in Kansas.

The judgments and orders of the Johnson County District Court arising out of the court's April 25, 2008, hearing relating to GTI's motion to strike and vacate foreign judgment and immediately release funds to defendant; the May 2, 2008, hearing on the motion to settle journal entry which was signed by the court on May 2, 2008; the court's order and journal entry dated June 4, 2008, arising out of the May 7, 2008, hearing on Hankin's motion to reconsider journal entry and order to release and pay out funds held by the clerk or, alternatively, to modify or alter judgment on May 7, 2008; and the court's June 2, 2008, hearing on the motion to settle journal entry are all reversed. As the result of this reversal, we order immediate release of the $60,000 bond the Johnson County District Court incorrectly required Hankin to post as a condition of appeal.

The district court's rulings denying Hankin any relief under the April 30, 2008, Pennsylvania order is affirmed.

We are confident that once the Pennsylvania court is informed of our decision and realizes the garnished funds will be securely held it will proceed to resolve all issues relating to the opened Pennsylvania judgment to finality and properly present such final judgment to the Johnson County District Court.

Affirmed in part, reversed in part, and remanded with instructions for the Johnson County District Court to hold all of the garnished funds until properly presented with a final judgment from the Pennsylvania court having jurisdiction over the parties. When a final judgment is properly presented, the Johnson County District Court shall order and cause the garnished funds to be distributed as such final judgment provides.